Diane HULME, Appellant,

v.

Kenneth BARRETT and Reinbeck Foods, Inc., Appellees.

No. 88–1841.

Supreme Court of Iowa.

Dec. 20, 1989.

Timothy M. Sweet of Beard & Sweet, Reinbeck, for appellant.

Robert W. Thompson, Reinbeck, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

SCHULTZ, Justice.

This appeal arises out of the dismissal of an employee's three claims of discrimination against her employer made pursuant to Iowa Code chapter 601A, the Iowa Civil Rights Act (Act). The two major issues before us are (1) whether a thirty-nine year old individual can allege a valid age discrimination claim under the Act, and (2) whether, after securing a release from the Iowa Civil Rights Commission (commission) to sue claiming a discriminatory reduction in her hours, the employee may then allege additional claims arising from her subsequent discharge without obtaining another administrative release. The trial court ruled against the employee on both issues. As we disagree, we reverse and remand for further proceedings.

Plaintiff Diane Hulme is a high school graduate, born on November 15, 1946, who began working as a checker at Ernie's Super Value grocery store in 1972. In June 1985 defendant Reinbeck Foods, Inc. purchased the store and continued doing business under the name of Kenny's Foods. Defendant Kenneth Barrett is vice president and part-owner of the corporation and manager of Kenny's Foods.

Kenny's Foods employed seven part-time checkers during the time period in question. Four of those checkers were younger than plaintiff. In late 1985 and early 1986, some of the daytime checkers' hours were cut, and their wages reduced from five dollars to four dollars per hour. The wages of the younger, newly-hired evening checkers remained the same at $3.35 per hour. On two separate occasions plaintiff voiced her concern over the reduction in hours and her willingness to work addition-

al hours. Barrett told plaintiff that if she brought up the matter of hours again, she would be fired.

In March 1986 when plaintiff was thirty-nine years old, she filed a complaint with the commission alleging age discrimination based upon the reduction in her hours compared to those of the newer, younger checkers. She also alleged that defendants threatened to discharge her if she continued to complain about that situation. In early October 1986 the management instituted a no-smoking policy; plaintiff was the only employee who smoked. Following a discussion regarding the implementation of that policy, Barrett fired plaintiff.

On October 28, 1986, plaintiff received an administrative release from the commission. She filed an action in district court alleging that (1) defendants reduced her working hours because of her age in violation of Iowa Code section 601A.6(1)(a) (1985), (2) defendants discharged her because of her age in violation of section 601A.6(1)(a), and (3) defendants discharged her because she had filed a complaint with the commission in violation of Iowa Code section 601A.11(2) (1985). The matter was tried to the court in August 1988.

Following the trial, the court dismissed plaintiff's claim based on the reduction of her hours by ruling that the age discrimination provisions of the Act only applied to persons forty to seventy years of age. It also held that it lacked jurisdiction over the claims arising from plaintiff's discharge which were not specifically filed with the commission as required by Iowa Code section 601A.15 (1985). Plaintiff appeals these rulings, as well as the trial court's refusal to admit evidence of her income and hours worked in 1984 and 1985.

I. *Age Discrimination.* The trial court held that in order for plaintiff to recover damages suffered as a result of defendants' discriminatory practices, she must first demonstrate that she belongs to a group that is protected by section 601A.6(1)(a). The court cited *Wing v. Iowa Lutheran Hospital,* 426 N.W.2d 175, 179 (Iowa App.1988), for the proposition that section 601A.6(1)(a) only protects "females

from age 40 through 70." It then concluded that plaintiff, at age thirty-nine, did not fall within the group that the statute had meant to protect and therefore did not qualify for any relief under the Iowa Civil Rights Act.

We have discussed our scope of review on appeal from the district court's review of civil rights complaints in *Peoples Memorial Hospital v. Iowa Civil Rights Commission,* 322 N.W.2d 87, 90–92 (Iowa 1982). This court's role is to correct errors of law made by the district court. *Id.* at 91; Iowa R.App.P. 4.

Our court has ruled that civil rights cases brought under chapter 601A will be "guided by federal law" and "federal cases." *King v. Iowa Civil Rights Comm'n,* 334 N.W.2d 598, 601 (Iowa 1983). However, we were referring to the analytical framework utilized by the federal courts in interpreting federal law and not to a substitution of the language of the federal statutes for the clear words of the Iowa Civil Rights Act. *See, e.g., King,* 334 N.W.2d at 601; *Iowa State Fairgrounds Sec. v. Iowa Civil Rights Comm'n,* 322 N.W.2d 293, 296 (Iowa 1982).

In *Wing* the sixty-one year old plaintiff claimed that her discharge violated the Act's prohibition against age discrimination. The employer did not contest that plaintiff's age placed her in a protected class, but claimed that her discharge was the result of a nondiscriminatory layoff policy. While the court of appeals in *Wing* referred to the federally protected age group of forty to seventy, we do not believe the court intended to adopt this limited age group as the protected group in Iowa. The federal Act does not preempt state age discrimination laws. 29 C.F.R. § 1625(g) (1989); *Fisher v. Quaker Oats Co.,* 233 N.J.Super. 319, 322–23, 559 A.2d 1, 2–3 (App.Div.1989). This action is brought under our statute. Consequently, we must look to our own Act to determine if plaintiff is a protected person.

Our statute states that it is "an unfair or discriminatory practice" for an employer "to discriminate in employment

... because of the age" of an employee. § 601A.6(1)(a). Thus, our statute appears to be age-neutral with two exceptions. These exceptions are found in section 601A.6(2) (1985), which exempts persons under eighteen years of age from coverage if they are not considered by law to be adults, and in section 601A.6(4) (1985), which excludes employees over forty-five years of age in apprenticeship programs. The trial court therefore erred when it dismissed plaintiff's claim because she was under forty at the time of the alleged discrimination.

On remand the trial court should review the record and apply the principles and analytical framework outlining the burdens and orders of proof in civil rights actions set out in our prior cases. *E.g., King v. Iowa Civil Rights Comm'n*, 334 N.W.2d 598, 601–03 (Iowa 1983); *Iowa State Fairgrounds Sec.*, 322 N.W.2d at 296; *Linn Coop. Oil Co. v. Quigley*, 305 N.W.2d 729, 732–33 (Iowa 1981). As indicated in *King*, we rely upon principles announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and refined in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *King*, 334 N.W.2d at 601–03. This analysis has been applied in cases involving claims of age discrimination which have resulted in demotions as well as discharges. *See, e.g., Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1165 (8th Cir.1985); *Dace v. ACF Indus., Inc.*, 722 F.2d 374, 377 n. 7 (8th Cir.1983); *Wing*, 426 N.W.2d at 177. Defendants' reduction of plaintiff's hours can be similarly analyzed.

■ Plaintiff need not show that age was defendants' sole or exclusive consideration but must prove that age made a difference or was "a determinative factor" in the employer's decision. *Smithers v. Bailar*, 629 F.2d 892, 897 (3d Cir.1980); *accord Jorgensen v. Modern Woodmen of Am.*, 761 F.2d 502, 504 (8th Cir.1985); *Wing*, 426 N.W.2d at 178. The court in *Smithers* said that age was a "determining factor" if it played a part in the decision, even if nondiscriminatory reasons were more compelling. 629 F.2d at 897.

Recently, the Supreme Court addressed matters of proof in employment cases where the employee alleges a discriminatory reason for his or her treatment, and the employer counters with a legitimate, nondiscriminatory justification for that action. *Price Waterhouse v. Hopkins*, 490 U.S. ——, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). In a plurality decision, the Court held that the employer is required to prove by a preponderance of the evidence that it would have made the same decision absent consideration of the illegitimate, discriminatory reason. *Id.* at ——, 109 S.Ct. at 1791, 104 L.Ed.2d at 289.

On remand the court may consider that federal courts have held that the economic savings derived from terminating older and better paid employees cannot serve as a legitimate reason for that action. *See, e.g., Leftwich v. Harris–Stowe State College*, 702 F.2d 686, 692 (8th Cir.1983). The court in *Leftwich* noted the relationship between higher salaries and age and concluded that if "higher salaries can be used to justify discharging older employees, then the purpose of the ADEA [Age Discrimination in Employment Act] will be defeated." 702 F.2d at 691. Although *Leftwich* involved a claim of disparate impact, this language was quoted with approval in *Dace*, where the plaintiff-employee brought a claim of disparate treatment under the ADEA. 722 F.2d at 378.

In conclusion, we remand for a determination consistent with this opinion of whether defendants' reduction of plaintiff's hours constituted age discrimination in violation of Iowa Code section 601A.6(1)(a).

II. *Jurisdiction.* The trial court held that it did not have jurisdiction of plaintiff's second and third claims which are based on her discharge from Kenny's Foods. It asserts that it can only hear complaints that were filed with the Iowa Civil Rights Commission pursuant to Iowa Code section 601A.15 and that plaintiff only complained to the commission about the reduction in her hours and not about her eventual termination.

In *Estabrook v. Iowa Civil Rights Commission*, 283 N.W.2d 306, 308 (Iowa 1979), we said "that the Iowa Civil Rights Act of 1965 was designed to correct a broad pattern of behavior rather than merely affording a procedure to settle a specific dispute." This court has also stated that "[w]e construe the procedural requirements of Iowa Code section 601A.15(12) liberally in view of its beneficial purposes in exposing unlawful discrimination." *Annear v. State*, 419 N.W.2d 377, 380 (Iowa 1988). While we have not specifically addressed the question of whether a subsequent petition for judicial review under chapter 601A is narrowly limited to the exact complaint submitted to the commission, federal precedent, administrative economy, and the stated purpose of the Iowa Civil Rights Act compel a negative reply.

As we discussed in division I of this opinion, we are guided by federal law in our analysis of civil rights cases. Plaintiff has cited numerous cases from different federal circuits in support of her conclusion that the federal courts have liberally construed the scope of judicial claims that may be filed following related administrative charges. We limit our discussion to a recent case from the Eighth Circuit.

In *Anderson v. Block*, 807 F.2d 145 (8th Cir.1986), the plaintiff appealed the district court's dismissal of her employment discrimination action for failure to pursue administrative remedies. The district court had held that the plaintiff, despite pending administrative charges arising from two suspensions, was required to file a new administrative charge following her termination. In reversing the district court, the Eighth Circuit held that the plaintiff need not file a new charge and exhaust administrative remedies if this new claim was reasonably related to the pending charges where administrative remedies had been exhausted. *Id.* at 148. The court quoted *Oubicohn v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973), for the proposition that "[t]o force a plaintiff to file a new administrative charge with each continuing incident of discrimination would create needless procedural barriers." *Id.* We agree with this analysis.

When we apply these principles to plaintiff's claims arising from her discharge, we hold that the district court had jurisdiction to rule on these claims. The jurisdictional facts are not in dispute and may be garnered from the pleadings. In count I of her petition, where plaintiff had secured a release to file suit, she claimed that because of her employer's discriminatory practice, her hours were reduced. In count II she made a nearly identical claim against the same employer, except that here she claimed that this same discriminatory practice resulted in her discharge. The claims are reasonably related. The claim of retaliatory discharge in count III stems from her original complaint and is necessarily related to her claim in count I. We hold as a matter of law that she need not file additional claims for her complaints arising from her discharge nor secure additional administrative releases in order to give the district court jurisdiction to hear her claims.

On remand the district court should apply the analysis outlined in division I to plaintiff's claim of discharge because of age as alleged in count II.

As to count III, the court should determine whether plaintiff established a prima facie case of retaliatory discharge. To do so, plaintiff must prove 1) she was engaged in statutorily protected activity, 2) she suffered adverse employment action, and 3) a causal connection between the two. *Jackson v. St. Joseph State Hosp.*, 840 F.2d 1387, 1390 (8th Cir.), *cert. denied,* ─── U.S. ───, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988). If plaintiff has made out a prima facie case of retaliatory discharge, defendants must articulate a legitimate, nonretaliatory reason for the dismissal. *Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir. 1980), *cert. denied*, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). If defendants produce sufficient evidence of a reason other than retaliation, plaintiff can still prevail if she can prove that the reason offered was in fact pretextual. *Id.*

III. *Evidentiary Exclusion.* Plaintiff alleges that the trial court erred in excluding evidence of her hours worked and pay received in 1984 and 1985. The court sustained defendants' objection as to the relevancy of plaintiff's income and hours at Ernie's Super Value, her prior employer. We briefly address this issue.

 Relevancy and materiality are usually matters of trial court discretion. *Carter v. MacMillan Oil Co.,* 355 N.W.2d 52, 55 (Iowa 1984). The appellate court will not interfere unless the trial court has clearly abused its discretion to the prejudice of the complaining party. *Henkel v. R and S Bottling Co.,* 323 N.W.2d 185, 193 (Iowa 1982). We do not believe that excluding evidence from employment by a prior employer not named in this suit is an abuse of discretion.

IV. *Summary.* In summary, we reverse and remand to the district court to make appropriate findings of fact and conclusions of law on plaintiff's claims of age discrimination, based on both the reduction of her hours and her eventual termination, and retaliatory discharge.

REVERSED AND REMANDED.