**Diane HULME, Appellant,**

v.

**Kenneth BARRETT and Reinbeck Foods, Inc., Appellees.**

**No. 90–1142.**

Supreme Court of Iowa.

Jan. 22, 1992.

Rehearing Denied Feb. 19, 1992.

Timothy M. Sweet of Beard & Sweet, Reinbeck, for appellant.

Robert W. Thompson of Thompson & Metcalf, P.C., Reinbeck, for appellees.

Bonnie Campbell, Atty. Gen., and Rick Autry, Asst. Atty. Gen., for amicus curiae Iowa Civil Rights Com'n.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

This case stems from claims of age discrimination and retaliatory discharge made by plaintiff Diane Hulme against her employer, Reinbeck Foods, Inc., and its manager, Kenneth Barrett. These claims are before us for the second time. In *Hulme v. Barrett*, 449 N.W.2d 629 (Iowa 1989), we reversed the district court's legal conclusion that a person under the age of forty could not maintain a cause of action for age discrimination. We remanded the case for reconsideration on the record previously made. *Id.* at 633.

On remand the district court found Hulme's proof insufficient on both charges, and entered judgment for the defendants. On appeal, Hulme does not contest the court's ruling on her age discrimination claim. She contends, however, that because her age discrimination claim was pending at the time of her discharge, her termination was presumptively retaliatory. The district court found no causal link between the two circumstances. We agree and affirm.

I. *Scope of review.* Hulme commenced her suit against the defendants in accordance with the Iowa Civil Rights Act, Iowa Code chapter 601A (1987). Thus the case was tried at law and, on appeal, our review is limited to correction of legal error. *Smith v. ADM Feed Corp.*, 456 N.W.2d 378, 384 (Iowa 1990). Under this standard of review, we give the district court's factual findings the weight of a special verdict; they are binding on us if supported by substantial evidence in the record. *Lynch v. City of Des Moines*, 454 N.W.2d 827, 829 (Iowa 1990). Evidence is substantial if a reasonable person would accept the proof as adequate to reach a conclusion. *Iowa State Fairgrounds Sec. v. Iowa Civil Rights Comm'n*, 322 N.W.2d 293, 296 (Iowa 1982).

II. *Facts.* The facts underlying Hulme's claim of age discrimination are relevant only insofar as they form the

backdrop for her retaliatory discharge claim. Summarized briefly, the record reveals that Hulme had worked for many years as a part-time grocery checker, first for Reinbeck Foods' predecessor and, since 1985, for defendants. Hulme perceived an inclination by the new management to assign more work hours to younger employees.[1] She complained twice in the fall of 1985 about the alleged disparity. In March 1986 she filed her age discrimination claim with the Iowa Civil Rights Commission. *See* Iowa Code § 601A.6 (classifying age discrimination an unfair employment practice).

Hulme continued to work for Reinbeck Foods. In the months that followed, neither the civil rights commission nor the employer acted in response to the complaint. It appears that Hulme may have worked a few hours more per week. But her payroll records remained largely unchanged over the entire time period pertinent to this case.

In October 1986 Reinbeck Foods adopted a nonsmoking policy. Hulme was the only smoker among the store's few employees. On the first day of the new ban, Hulme was allowed to smoke in the bathroom. This, of course, tied up the facility as far as other employees were concerned. So the next day Barrett told Hulme she could smoke in the front office, away from the usual "break" area. Although the record is less than clear on the point, we infer from Hulme's testimony that her history of smoking was not without controversy. Apparently the practice had led to some earlier argument with her boss over ashes on his desk.

In any event, on the day in question Hulme felt singled out and asserted that the new policy had been implemented solely to aggravate her. She defiantly told Barrett that he would have to fire her if he wanted to get rid of her. He promptly did.

■ III. *Proof of retaliatory discharge.* To prove a prima facie case of retaliatory discharge, a civil rights com-

plainant must prove (1) involvement in statutorily protected activity, (2) adverse employment action, and (3) a causal connection between the two. *Hulme,* 449 N.W.2d at 633. We derived this three-factor test from federal decisions involving comparable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sections 2000e to 2000e–3. *E.g., Jackson v. St. Joseph State Hosp.,* 840 F.2d 1387, 1390 (8th Cir.), *cert. denied,* 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988); *Womack v. Munson,* 619 F.2d 1292, 1296 (8th Cir.1980), *cert. denied,* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). The purpose of the law is to protect employees who utilize civil rights acts to redress their grievances. *Pettway v. American Cast Iron Pipe Co.,* 411 F.2d 998, 1005 (5th Cir.1969). But the causation standard is a high one. The "causal connection" cited in *Hulme* must be a "significant factor" motivating the adverse employment decision. *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989); *see Womack,* 619 F.2d at 1297 (applying substantial factor standard in analysis of employer's claim that termination would have taken place even in absence of protected activity).

■ IV. *Correlation between protected status and discharge.* In its decision on the merits of Hulme's claim, the court reasoned that because her age discrimination charge was unmeritorious, Hulme's retaliatory discharge claim must likewise fail. This is inconsistent with prevailing federal decisions which hold that, despite the unwarranted or even malicious nature of the underlying claim, the employee is generally protected from retaliation once the charge is filed. *Booker,* 879 F.2d at 1312; *Womack,* 619 F.2d at 1298.

Alternatively, however, the court also found Hulme had failed to establish a prima facie case of retaliatory discharge. In particular, the court found no substantial evidence on the third factor: a causal link between Hulme's civil rights claim and her

---

1. Hulme was 39 at the time her complaint arose. As part of her proof she included in the "younger" class of workers a worker aged 37 who allegedly received favored treatment by the employer.

ultimate discharge. The record supports the court's decision on this ground.

 As noted earlier, the filing of the discrimination claim must be a substantial factor prompting the termination. In other words, the protection afforded by anti-retaliatory legislation does not immunize the complainant from discharge for past or present inadequacies, unsatisfactory performance, or insubordination. *Jackson*, 840 F.2d at 1391. One court has put the qualification this way:

> [T]he mere fact that an adverse employment decision occurs after a charge of discrimination is not, standing alone, sufficient to support a finding that the adverse employment decision was in retaliation to the discrimination claim.

*Booker*, 879 F.2d at 1314.

Like the district court, we can find no evidence in this record to connect Barrett's response to Hulme's complaint about the smoking policy with her discrimination claim filed six months earlier. Neither Hulme nor Barrett testified that they had the claim in mind when this altercation arose. To the contrary, Hulme's defiance towards Barrett appeared to exemplify what the court characterized as a negative attitude that "was continuous over a period of time." The record reveals that Hulme's poor attitude was a frequent source of friction between Barrett and the other employees. Evidence suggested that the other employees, young and old, were relieved at Hulme's discharge.

Hulme points out that Barrett never warned her about an unsatisfactory attitude. Thus, she argues, Barrett's trial testimony must be regarded as no more than an after-the-fact justification for retaliatory action. The district court's credibility findings, however, weaken Hulme's case. In assessing the relative demeanor of the witnesses, the court found that Hulme was more articulate but Barrett was more credible. One can reasonably infer from the record and the court's findings that Barrett's delayed expression of long-term dissatisfaction with Hulme was the product of inexperience in personnel management, not fabrication.

In summary, substantial evidence in the record supports the court's conclusion that Hulme's civil rights complaint was not a substantial factor in her discharge from employment with the defendants. Because Hulme failed to prove a prima facie case of retaliatory discharge, we affirm the district court's entry of judgment for the defendants.

AFFIRMED.