# IN THE SUPREME COURT OF IOWA

No. 51 / 07–0573

Filed June 6, 2008

**KATHY WEDDUM,**

> Appellee,

vs.

**DAVENPORT COMMUNITY SCHOOL DISTRICT,**

> Appellant.

---

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

School district seeks discretionary review of district court decision denying motion for summary judgment in an age-discrimination action. **REVERSED AND REMANDED.**

William C. Davidson, Mikkie R. Schiltz, and Wendy S. Meyer of Lane & Waterman LLP, Davenport, for appellant.

Dorothy A. O'Brien, Davenport, for appellee.

Edward M. Mansfield of Belin Lamson McCormick Zumbach Flynn, PC, Des Moines, for amicus curiae Iowa Association of School Boards.

**STREIT, Justice**.

A school district denied a teacher's application for early retirement incentives because she did not meet the plan's minimum age requirement. She sued, arguing the school district's decision violated the Iowa Civil Rights Act's prohibition on age discrimination. She and the school district brought cross motions for summary judgment. Both were denied. We granted the school district's motion for interlocutory appeal and now reverse. The district court should have granted the school district's motion because the early retirement incentive plan falls within an express exception to the general prohibition on age discrimination.

## I.    Facts and Prior Proceedings.

Kathy Weddum had been a math teacher with the Davenport Community School District since 1972. The school district implemented an early retirement incentive plan for the 2004-2005 school year. The plan provided a purpose statement:

> The purpose of this plan is to provide the District's employees with the option and opportunity for early retirement from their employment with the District. This Early Retirement Incentive Plan is designed to show the District's appreciation for the services an employee has rendered to the District, to aid the employee in their transition from public service to retirement, and to save District funds through a reduction in staff and/or replacement savings.

To be eligible for the plan, an employee was required to satisfy the following criteria:

(1)    reached age fifty-five or older by June 30, 2005;

(2)    completed at least twenty years of continuous contracted service with the district by June 30, 2005;

(3)    worked at least a minimum of six hours per day or had a contract of at least 75% full time employment;

(4) submitted an application for participation in the plan to the school board prior to January 31, 2005; and

(5) agreed to retire at, and not before, the conclusion of the contract or assignment year for 2004-2005 and no later than June 30, 2005.

In return for meeting the terms of the plan, an employee received the following benefits:

(1) the lesser of $25,000 or 50% of the employee's 2004-2005 salary to be paid into a 403(b) or Health Care Savings Plan over five years; and

(2) continued participation of current coverage in a medical plan by employee's payment of the monthly premium.

In late December 2004, Weddum submitted her application for early retirement. She satisfied the years-of-service requirement but did not reach the age of fifty-five until September 17, 2005, almost three months after the deadline. The school district denied Weddum's request in a January 6 email.

On January 19, the school district notified employees of its decision to expand the early retirement plan to employees who had completed at least fifteen years of continuous contracted service. The remaining eligibility requirements of the plan were unchanged. The school district later extended the application deadline.

On January 31, Weddum wrote a letter to the school district indicating her intent to retire at the end of the 2005 school year. The letter stated "I have decided to retire and wish to resign from teaching in the Davenport Community School District at the end of the 2004-2005 school year." The school board accepted her resignation on February 14 but refused to categorize her departure as a retirement.

After satisfying the administrative requirements, Weddum filed this lawsuit contending the school district's denial of early retirement benefits violated the age discrimination prohibition found in the Iowa Civil Rights Act (ICRA). Both Weddum and the school district moved for summary judgment. Weddum argued the school district's early retirement plan amounted to overt and arbitrary age discrimination. Alternatively, she argued summary judgment should not be granted in favor of the school district because the district's treatment of other employees created a question of fact as to its motives for excluding Weddum from the plan. The school district argued summary judgment should be granted in its favor because its early retirement plan is consistent with the exception for retirement plans found in the ICRA.

The court denied both motions, ruling there was a material question of fact with respect to the school district's motives that should be decided by a jury. We granted the school district's request for an interlocutory appeal. We subsequently dismissed Weddum's cross appeal as untimely. For the reasons that follow, we reverse the decision of the district court and remand for the court to enter judgment in favor of the school district.

## II. Scope of Review.

We review a district court's ruling on a motion for summary judgment for correction of errors at law. *Stewart v. Sisson*, 711 N.W.2d 713, 715 (Iowa 2006). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). An issue of fact

is "material," for summary judgment purposes, "only if 'the dispute is over facts that might affect the outcome of the suit, given the applicable law.' " *Lewis v. State ex rel. Miller*, 646 N.W.2d 121, 124 (Iowa Ct. App. 2002) (quoting *Fouts ex rel. Jensen v. Mason*, 592 N.W.2d 33, 25 (Iowa 1999)). "When the only controversy concerns the legal consequences flowing from undisputed facts, summary judgment is the proper remedy." *Bob Zimmerman Ford, Inc. v. Midwest Auto. I, L.L.C.*, 679 N.W.2d 606, 608 (Iowa 2004).

### III. Merits.

Weddum's lawsuit contends the school district violated the ICRA when it denied her early retirement benefits because she did not satisfy the plan's minimum age requirement—i.e., she was discriminated against because she was not old enough.[1] In considering age discrimination claims brought under the ICRA, we turn to federal law interpreting the Age Discrimination in Employment Act (ADEA). *See McMannes v. United Rentals, Inc.*, 371 F. Supp. 2d 1019, 1027 (N.D. Iowa 2005). In *General Dynamics Land Systems, Inc. v. Cline*, 540 U.S. 581, 584–85, 124 S. Ct. 1236, 1239, 157 L. Ed. 2d 1094, 1103 (2004), the United States Supreme Court held the ADEA does not prohibit "reverse age discrimination." It found the Act's prohibition of age-based discrimination only forbade employers from favoring younger workers at the expense of older workers. *Gen. Dynamics Land Sys., Inc.*, 540 U.S. at 600, 124 S. Ct. at 1248–49, 157 L. Ed. 2d at 1113 ("We see the text, structure, purpose, and history of the ADEA, along with its relationship

---

[1] Weddum also alleges the district court's denial of early retirement benefits was unconstitutional. However, because the district court did not rule on this issue, we will not address it for the first time on appeal. *DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) (holding the court will not consider a substantive or procedural issue for the first time on appeal except for evidentiary rulings).

to other federal statutes, as showing that the statute does not mean to stop an employer from favoring an older employee over a younger one.").

Weddum argues the ICRA is more expansive because it prohibits age discrimination against all employees in contrast to the federal act which only prohibits age discrimination against employees age forty years or older. *Compare* Iowa Code § 216.6(1)(*a*), *with* 29 U.S.C. § 623(*a*)(1), 631(*a*). Indeed we recognized the ICRA is "age-neutral" in a case brought by a thirty-nine year old employee. *Hulme v. Barrett*, 449 N.W.2d 629, 631–32 (Iowa 1989). However, in *Hulme* the plaintiff did not allege she was being discriminated against because she was too young. Rather, she alleged her employer violated the ICRA by reducing her hours instead of the hours of newer, younger employees who were being paid lower wages. *Id.* Thus, it remains an open question whether the ICRA prohibits an employer from favoring older workers at the expense of younger workers because of their age. We need not determine whether the ICRA contemplates a cause of action for reverse age discrimination in other contexts because we find the ICRA plainly allows early retirement plans with minimum age requirements. *Cf. Davis v. City of Waterloo*, 551 N.W.2d 876, 881 (Iowa 1996) (stating ICRA protects Caucasians from discrimination based on race as much as it does African-Americans and members of other racial minorities).

Chapter 279 of the Iowa Code governs the powers and duties of school boards. Iowa Code section 279.46 expressly gives school boards the power to offer early retirement incentives to its employees conditioned upon reaching a minimum age. It states:

> The board of directors of a school district may adopt a
> program for payment of a monetary bonus, continuation of
> health or medical insurance coverage, or other incentives for
> encouraging its employees to retire before the normal

retirement date as defined in chapter 97B. . . . *The age at which employees shall be designated eligible for the program shall be at the discretion of the board.*

(Emphasis added.) While the ICRA makes it generally unlawful to discriminate against an employee because of the employee's age, *see* Iowa Code § 216.6(1)(*a*),[2] the Act provides a specific exception for retirement plans. Iowa Code section 216.13 states:

> The provisions of this chapter relating to discrimination because of age do not apply to a retirement plan or benefit system of an employer unless the plan or system is a mere subterfuge adopted for the purpose of evading this chapter.

A "subterfuge" is a " 'scheme, plan, stratagem, or artifice of evasion.' " *Pub. Employees Ret. Sys. of Ohio v. Betts*, 492 U.S. 158, 167, 109 S. Ct. 2854, 2861, 106 L. Ed. 2d 134, 148 (1989) (quoting *United Air Lines, Inc. v. McMann*, 434 U.S. 192, 203, 98 S. Ct. 444, 450, 54 L. Ed. 2d 402, 413 (1977)); *see also Merriam-Webster's Collegiate Dictionary* 1171 (10th ed. 2002) (defining "subterfuge" as "a deceptive device or stratagem"). There is no evidence in the record to suggest the school district acted with age-related animus toward Weddum. Nor is there evidence to suggest Weddum was otherwise being singled out. To the contrary, two other employees did not qualify for the early retirement plan because they were also too young.

Moreover, the school district provided a legitimate reason for setting the minimum age requirement. According to the school district, the early retirement program is primarily driven by financial savings. Teachers' salaries are paid out of the school district's general fund.

---

[2] Iowa Code § 216.6(1)(*a*) states "[i]t shall be an unfair or discriminatory practice for any . . . [p]erson to refuse to hire, accept, register, classify, or refer for employment, to discharge any employee, or to otherwise discriminate in employment against any applicant for employment or any employee because of the age . . . of such applicant or employee, unless based upon the nature of the occupation."

Replacing a senior teacher with a more junior teacher results in a cost savings because a teacher's salary is based on years of experience. Additionally, chapter 279 allows school districts to pay early retirement incentives out of their "management levy" funds (i.e. local tax revenues). *See* Iowa Code § 279.46. This funding avenue for the incentives frees up more money in the school districts' general funds for other needs. However, in order to utilize management levy funds to pay early retirement incentives, the employees receiving the funds must be between the ages of fifty-five and sixty-five at the time of their retirement.[3] *Id.* Thus, the school district in this case was not willing to extend its early retirement plan to teachers who were not at least fifty-five years old on June 30 because the cash incentive would have to come out of the general fund if it did so.

After the plan was originally offered, fewer than expected employees chose to retire. The school district expanded the pool of employees qualified for the plan by lowering the years-of-service requirement from twenty years to fifteen years. The school district chose this route to make more employees eligible because the use of management levy funds is not dependent upon how many years the employees worked.

Weddum notes the school district offered a similar early retirement incentive plan during the previous school year which required employees to be at least fifty-five by September 30.[4] Weddum's birthday is September 17. Had the school district used the same date in the year Weddum retired, she would have been eligible for the early retirement

---

[3] The school district's plan does not have a maximum retirement age.
[4] The school district chose the later cut-off date the year before in order to induce a teacher with performance problems to accept the early retirement incentive. She had a September birth date.

benefits plan. However, Iowa law expressly gives school districts the discretion to determine the age upon which employees are eligible for early retirement benefits. Iowa Code § 279.46. School districts are under no obligation to offer the same plan (or any plan) from year to year.

Our conclusion is also supported by federal case law. The ADEA provides a safe harbor provision for "voluntary early retirement incentive plan[s] consistent with the relevant purpose or purposes of this chapter." *See* 29 U.S.C. § 623(*f*)(2)(B)(ii). Recently, the eighth circuit held a plan similar to the one at issue here fell within this exception. *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034 (8th Cir. 2007). There, employees age fifty or older with at least fifteen years of service were given one year's salary and other benefits in return for retiring. *Id.* at 1037. The *Morgan* court distinguished one of its earlier decisions upon which Weddum relies. *See Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649 (8th Cir. 2005). In *Jankovitz*, the eighth circuit found an early retirement incentive plan violated the ADEA because benefits were cut off by an upper age limit of sixty-five. *Id.* at 655 ("The basis for our conclusion that the amended [early retirement incentive plan] is inconsistent with a purpose of the ADEA is the fact that the amount of available early retirement benefits drops to zero upon an employee's attainment of the age of 65."); *see also Auerbach v. Bd. of Educ. of the Harborfields Cent. Sch. Dist.*, 136 F.3d 104, 114 (2d Cir. 1998) ("An early retirement incentive plan that withholds or reduces benefits to older retiree plan participants, while continuing to make them available to younger retiree plan participants so as to encourage premature departure from employment by older workers conflicts with the ADEA's stated purpose to prohibit arbitrary age discrimination in employment."). The *Morgan*

court found the early retirement incentive plan lawful because it did not include a *maximum* age requirement. *Morgan*, 486 F.3d at 1042.

Similarly, the school district's plan in the present case "offered the same incentives to all eligible persons and did not employ an age-based phase-out where plan benefits decreased over time or were reduced to zero upon a certain age in order to encourage employees to participate in the plan." *Id.* Moreover, there was no evidence to suggest the plan was "a mere subterfuge adopted for the purpose of evading" the ICRA. Iowa Code § 216.13. The school district was entitled to a judgment in its favor as a matter of law.

**IV.    Conclusion.**

In summary, the school district's early retirement incentive plan fell squarely within the ICRA exclusion for retirement plans. Therefore, it was error to deny the school district's motion for summary judgment.

**REVERSED AND REMANDED.**