# IN THE COURT OF APPEALS OF IOWA

No. 19-2111
Filed January 21, 2021

**GAIL MARIE RANDALL, an individual, and ROGER ALLEN RANDALL, an individual,**
Plaintiffs-Appellants,

**vs.**

**ROQUETTE AMERICA, INC., a corporation,**
Defendant-Appellee,

DEBBY MOORE, an individual, RENEE CONNOR, an individual, and TYLER DESOTEL, an individual,
Defendants.
_____

Appeal from the Iowa District Court for Lee (South) County, Mary Ann Brown, Judge.

Plaintiffs appeal the district court's decision granting summary judgment to the employer on a claim of wrongful discharge. **AFFIRMED.**

Marc A. Humphrey, Des Moines, for appellants.

Alec J. Beck of Barnes & Thornburg LLP, Minneapolis, Minnesota, and James F. Dennis of Law Offices of James F. Dennis, Keokuk, for appellees.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Gail Randall (Randall) and her husband, Roger Randall, appeal the district court's decision granting summary judgment to Randall's former employer on a claim of wrongful discharge. We conclude the district court's decision granting summary judgment to the employer on Randall's claim of retaliatory discharge should be affirmed. Randall did not generate a genuine issue of material fact on the element of causation. Also, the district court did not err in granting summary judgment to the employer on Randall's claim of disability discrimination because Randall did not present a genuine issue of material fact on the first element, that she was disabled. We affirm the decision of the district court.

## I.    Background Facts & Proceedings

On February 26, 2017, Randall was working at Roquette America, Inc. (RAI) in Keokuk. Debby Moore, a co-employee, was training Randall on the use of certain machines that day. There were problems with the operation of the Slidell machine, which was used for high-speed bagging of products. The Slidell machine was not properly sealing the bags. Randall stated that Moore removed the safety guard of the machine.

Randall believed the problem was a clump of glue that was stuck in the machine. She pointed this out to Moore. According to Randall, Moore said, "Yes. That needs to come off." Also, "It needs to be scraped off. It needs to come off." Moore started scraping the glue with a putty knife that was nearby. The knife slipped, and Randall's fingertips became stuck in the machine. Moore stopped the machine and grabbed Randall's elbow to pull her fingertips out of the machine.

Randall conceded that she was violating safety protocols by putting her hand in the machine.

Randall was taken to the hospital. On her right ring finger, she had a fracture, plus she is now missing a portion of the bone. She had a fractured fingertip on her right middle finger and needed fourteen stitches. Her right index finger suffered a contusion. Randall stated she has no feeling in her right-hand middle finger from the first knuckle to her fingertip. She also stated she has a reduced range of motion and diminished grip strength in her fingers. Her right hand is dominant.

On February 28, Randall attended a Root Cause Analysis meeting at RAI. Moore denied telling Randall to reach into the machine. RAI found that by reaching into the machine while it was running, referred to as "breaking the plane," Randall violated the company's safety policies. Randall was terminated from her employment on March 3.[1]

Randall filed a workers' compensation claim and received benefits for her injury. She was assigned a six percent permanent impairment rating. Randall was a member of a labor union, and a grievance was filed on her behalf challenging her termination. As a result of that process, she was reinstated in her employment on January 22, 2018, and received a partial back-pay settlement. Randall claims she was subjected to a hostile work environment on her return to employment with RAI. She resigned her position with RAI effective October 10, 2018.

---

[1] Moore received a warning letter and a one-day suspension for not following proper safety procedures.

On August 14, 2018, Randall filed a petition against RAI, claiming disability discrimination in violation of Iowa Code chapter 216 (2018) and wrongful termination.[2]  RAI filed a motion for summary judgment, asserting Randall had not alleged she was substantially limited in one or more major life activities because of her injury and so she could not establish a claim of disability discrimination.  The employer also asserted Randall was unable to prove that filing a workers' compensation claim was "the determinative factor" in the decision to terminate her employment.  Randall resisted the motion.

The district court entered a ruling on October 31, 2019, finding Randall "failed to generate a material fact question as to whether [she] has a 'disability' so as to recover for disability discrimination."  The court also found there was no evidence Randall was terminated due to an alleged disability.  The court granted summary judgment to RAI on the claim of disability discrimination.  The court determined there was not sufficient evidence to generate a jury question on whether Randall was discharged in retaliation for filing a workers' compensation claim.[3]  Randall appeals the district court's grant of summary judgment to RAI.

---

[2] Randall also claimed co-employee gross negligence against her co-workers Moore, Renee Conner, and Tyler DeSotel.  These claims are not considered in this appeal.

[3] The court denied the motion for summary judgment on the claim of co-employee gross negligence against Moore and Connor.  The court did grant the summary judgment claim against co-employee DeSotel.  The claims against Moore and Connor proceeded to a jury trial.  The jury found the co-employees were not grossly negligent.  Randall has not appealed the jury's verdict or the grant of summary judgment for DeSotel.

**II.    Standard of Review**

Our review of summary judgment decisions is for the correction of errors at law. *Hollingshead v. DC Misfits, LLC*, 937 N.W.2d 616, 618 (Iowa 2020).  A party may be granted summary judgment by showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Iowa R. Civ. P. 1.981.  "We review the facts in the record 'in the light most favorable to the nonmoving party' and 'draw every inference in favor of the nonmoving party.'"  *Hollingshead*, 937 N.W.2d at 618 (quoting *Skadburg v. Gately*, 911 N.W.2d 786, 791 (Iowa 2018)).

**III.    Retaliatory Discharge**

Randall asserts the district court erred by granting summary judgment to RAI on her claim of wrongful or retaliatory discharge from employment.  An employee may bring a claim of wrongful discharge against an employer if the employee is terminated from employment due to the filing of a claim for workers' compensation benefits.  *Smith v. Smithway Motor Xpress, Inc.*, 464 N.W.2d 682, 685 (Iowa 199) (citing *Springer v. Weeks & Leo Co.*, 429 N.W.2d 558, 560–61 (Iowa 1988)).  "[A] plaintiff must establish (1) engagement in a protected activity, (2) adverse employment action, and (3) a causal connection between the two."  *Teachout v. Forest City Cmty. Sch. Dist.*, 584 N.W.2d 296, 299 (Iowa 1998).

The dispute in this case involves the third element, the causal connection. "The causation standard in a common-law retaliatory discharge case is high."  *Id.* at 301.  There must be evidence the "determinative factor" in the employer's decision to take adverse action against the employee was the employee's engagement in a protected activity, such as filing a workers' compensation claim.

*See id.* "A factor is determinative if it is the reason that 'tips the scales decisively one way or the other,' even if it is not the predominant reason behind the employer's decision." *Id.* (citing *Smith*, 464 N.W.2d at 686). "[T]he protection afforded by anti-retaliatory legislation does not immunize the complainant from discharge for past or present inadequacies, unsatisfactory performance, or insubordination." *Hulme v. Barrett*, 480 N.W.2d 40, 43 (Iowa 1992).

In general, the issue of causation presents a question of fact. *Fitzgerald v. Salsbury Chem., Inc.*, 613 N.W.2d 275, 289 (Iowa 2000). "However, . . . retaliatory-discharge cases should be decided at summary judgment when a plaintiff has failed to establish a question of material fact for the jury regarding causation." *Wusk v. Evangelical Ret., Inc.*, No. 15-0166, 2015 WL 9450914, at *3 n.6 (Iowa Ct. App. Dec. 23, 2015) (citing *Teachout*, 584 N.W.2d at 303).

Evidence that termination from employment occurred after the employee engaged in a protected activity, standing alone, is not sufficient to establish causation. *Teachout*, 584 N.W.2d at 296; *Phipps v. IASD Health Servs. Corp.*, 558 N.W.2d 198, 203 (Iowa 1997) (finding termination following engagement in protected activity "without more, is insufficient to generate a jury question on retaliation"). Thus, in the absence of any other evidence, the timing of Randall's termination from RAI is not sufficient to generate a jury question on the issue of causation and summary judgment would be appropriate.

In addition to the claim of temporal proximity, Randall states other evidence supports her claim that she was discharged based on her injury and resulting claim for workers' compensation benefits. She points out that Moore, who was

uninjured, was not discharged for the incident. Randall states that she put her hand into the machine at the direction of Moore, who was training her at the time. Randall argues that Moore's conduct was more egregious but she did not receive the same level of discipline as Randall. Randall also points to an RAI news release stating that as of June 26, 2017, the Refinery F team did not have any lost-time injuries for five years. Randall asserts this statement was true only because she was discharged.

The district court found, "[Randall's] conduct of 'breaking the plane' and violating the safety rules was a legitimate reason for her discharge." It is undisputed that Randall "broke the plane" by putting her hand into the machine because her injury was the result of her fingertips getting caught in the machine. This was a violation of RAI safety rules. Randall has not presented evidence to show the filing of a workers' compensation claim was the "determinative factor" in RAI's decision to terminate her. *See Teachout*, 584 N.W.2d at 299. The evidence shows she was terminated for violating workplace safety rules.

We note that in *Phipps*, while finding there was insufficient evidence to generate a jury issue on retaliation, the court noted, "Phipps was discharged because of his unacceptable performance and repeated disciplinary problems." 558 N.W.2d at 203. Also, in *Wusk*, the grant of summary judgment to an employer on an employee's claim of retaliatory discharge after filing a workers' compensation claim was affirmed based on evidence plaintiff was discharged based on her "failure to fulfill her obligation of coordinating shifts with the staffing coordinator." 2015 WL 9450914, at *4; *cf. Tekippe v. State*, No. 10-0464, 2011 WL 768659, at *4 (Iowa Ct. App. Mar. 7, 2011) (noting that in addition to evidence

of the timing of plaintiff's discharge, there was evidence a supervisor told the plaintiff a disciplinary transfer would be reversed if he dropped his whistleblower complaints).

We conclude the district court's decision granting summary judgment to RAI on Randall's claim of retaliatory discharge should be affirmed. Randall did not generate a genuine issue of material fact on the element of causation. She did not present evidence to show she was discharged for a reason other than violating the safety rules at RAI.

## IV. Disability Discrimination

Randall claims the district court erred by granting summary judgment to RAI on her claim of disability discrimination under chapter 216, the Iowa Civil Rights Act. To establish a prima facie case of disability discrimination, Randall must establish (1) she has a disability, (2) she is qualified to perform the essential functions of the job, and (3) the circumstances of the termination from employment raise an inference of discrimination. *See Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). If an employee establishes a prima facie case, the burden shifts to the employer "'to articulate some legitimate, nondiscriminatory reason' for its employment action." *Hedlund v. State*, 930 N.W.2d 707, 720 (Iowa 2019) (citation omitted). "Finally, the burden returns to [the employee] to 'demonstrate the proffered reason is a mere pretext.'" *Id.* (citation omitted).

The term "disability" is defined as "the physical or mental condition of a person which constitutes a substantial disability." Iowa Code § 216.2(5). A "substantially handicapped person" "mean[s] any person who has a physical or mental impairment which substantially limits one or more major life activities, has

a record of such an impairment, or is regarded as having such an impairment." *Goodpaster*, 849 N.W.2d at 6 (citing Iowa Admin. Code r. 161-8.26(1)). "Major life activities" are "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.* at 7 (citing Iowa Admin. Code r. 161-8.26(3)).

In determining whether a person has been substantially limited in a major life activity, we consider (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long-term impact, or the expected permanent or long-term impact, of the impairment. *Vincent v. Four M Paper Corp.*, 589 N.W.2d 55, 61 (Iowa 1999); *Rehm v. Arctic Glacier W. Point, Inc.*, No. 17-1601, 2018 WL 3471363, at *2 (Iowa Ct. App. July 18, 2018).

The district court found:

Plaintiffs have not identified a major life activity substantially limited by Randall's injury, and the Court does not find evidence to support such a finding. The doctor who gave her a 6% impairment rating for purposes of workers' compensation testified that the rating has no relevance on the day-to-day limitations of the injury.

The court concluded, "Plaintiffs have failed to generate a material fact question as to whether Randall has a 'disability' so as to recover for disability discrimination."

We find no error in the court's assessment that Randall did not present a genuine issue of material fact on the question of whether she was substantially limited in one or more major life activities. *See Goodpaster*, 849 N.W.2d at 6. In a deposition, Randall stated it was difficult to play catch with her son, go bowling, or stir food with her right hand. She also stated her handwriting is not as neat as it used to be. However, Randall was able to work full-time in her current

employment, using her hands to package products and put them on a pallet. Minor impairments, such as the ones testified to by Randall, do not qualify as disabilities. *See Hansen v. Seabee Corp.*, 688 N.W.2d 234, 240 (Iowa 2004).

We conclude the district court did not err in granting summary judgment to RAI on Randall's claim of disability discrimination because Randall did not present a genuine issue of material fact on the first element, that she was disabled.

We affirm the decision of the district court.

**AFFIRMED.**