**Marilyn J. ANDERSON, Appellant,**

v.

**John BLOCK, Secretary for the United States Department of Agriculture, Appellee.**

**No. 86–5109.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1986.

Decided Dec. 17, 1986.

Gerald R. Keating, Minneapolis, Minn., for appellant.

Carol Swanson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and FAGG and BOWMAN, Circuit Judges.

FAGG, Circuit Judge.

Marilyn J. Anderson appeals the order of the district court dismissing her employment discrimination action for failure to pursue administrative remedies in the manner prescribed by statute. *See* 29 U.S.C. § 794a; 42 U.S.C. § 2000e–16. The district court held that Anderson, despite the pendency of administrative charges arising out of two suspensions, was required to file a new administrative charge following her termination; that Anderson's attempted filing was untimely; and that there was no basis for excusing the untimeliness. We reverse.

Anderson initially went to work at the U.S. Department of Agriculture (USDA) in the early 1970's. She left in 1976 when she failed to obtain a promotion, but returned in 1979 after prevailing on a sex discrimination charge arising out of the incident. In the next two-and-one-half years, however, Anderson's superiors suspended her three times, each time citing absenteeism and failure to properly request sick or annual leave. On April 25, 1981, and July 14, 1981, Anderson filed timely administrative charges in which she asserted that her second and third suspensions resulted from discrimination.

These administrative charges were still pending when, in February 1982, the USDA forced Anderson to resign in preference to being fired. Anderson filed an administrative charge in regard to this termination on March 23, 1982, thirty-three days after leaving work. The USDA notified her on June 7, 1982, that the filing was untimely, but the agency did not formally dismiss the charge until October 27, 1983. After exhausting further administrative appeals, Anderson in August 1984 filed suit in federal court challenging her termination.

On April 23, 1985, the USDA equal employment opportunity officer finally issued a decision on Anderson's first two administrative charges, finding that Anderson had been subjected to discrimination on the basis of her handicap—alcoholism—in the application of regulations regarding leaves and absences. Anderson's challenge to her termination rests in part on her contentions that the USDA continued to misapply leave regulations and based its termination decision not just on new conduct but also on the same absences which had been addressed through the suspensions. Anderson thus characterizes the discrimination asserted in the third, untimely administrative charge as being "like or reasonably related" to the discrimination asserted in her prior administrative charges. The district court did not address this issue because it rejected Anderson's view of the law.

The USDA concedes that either of Anderson's first two administrative charges would have provided a proper basis for a court action filed when Anderson filed this suit. Thus, Anderson argues, the untimeliness of her third, related, administrative charge should not bar her action.

Anderson's position is supported by the rule that "[w]hen an employee seeks judicial relief for incidents not listed in [her] original [administrative] charge * * *, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the [administrative] charge, including new acts occurring during the pendency of the charge." *Oubichon v. North Am. Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir.1973); *see Satz v. ITT Fin. Corp.,* 619 F.2d 738, 741 (8th Cir.1980).

■ This rule suggests that the viability of Anderson's court action does not hinge on the timeliness of her third administrative charge but rather should be considered in reference to her first and second charges. To force a plaintiff to file a new administrative charge with each continuing incident of discrimination would create needless procedural barriers. *Oubichon,* 482 F.2d at 571 (citing *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)). When suit may be brought on an administrative charge challenging related employer actions, the purposes of the statutory exhaustion requirement are not furthered through additional administrative filings because "once the [agency] has tried to achieve a consensual resolution of the complaint, and the discrimination continues, there is minimal likelihood that further conciliation will succeed." *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984) (per curiam). A plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought. *See Ong v. Cleland,* 642 F.2d 316, 318 (9th Cir.1981).

■ Here, Anderson following her termination did not proceed directly to court but instead filed a new, although untimely, administrative charge. Assuming the additional act of discrimination asserted in her new charge directly related to or grew out of the practices challenged in the prior charges, Anderson's untimely administrative filing may be treated as an amendment

to the earlier charges. *See Washington v. Kroger Co.,* 671 F.2d 1072, 1075–76 (8th Cir.1982); 29 C.F.R. § 1601.12(b). Thus, Anderson would have exhausted administrative remedies regarding her termination.

■ In light of this analysis, it makes no difference that, according to the USDA, Anderson's court suit challenges only her termination and not her suspensions. Such an omission would not alter the scope of the initial administrative charges or the appropriateness of characterizing the untimely, but nevertheless related, administrative filing as an amendment to the prior charges. The distinction urged by the USDA would result in a rule that a plaintiff must bring suit on all, rather than just some, of the incidents fairly encompassed by her administrative charges. In addition, while the length of time during which a plaintiff may bring suit based on postcharge conduct will be limited only by the promptness with which administrative proceedings on the initial charges are concluded, we see no unfairness in thus preserving the right to a judicial determination throughout the period during which the postcharge incident could be subject to administrative investigation and resolution.

■ We conclude that the district court should have considered whether Anderson's challenge to her termination was sufficiently related to her challenges to her suspensions to come within the rule that administrative remedies will be deemed exhausted with regard to all incidents fairly encompassed within the scope of the administrative charges on which a court action may properly be brought.

■ Should the district court on remand find Anderson's discrimination charges to be "like or reasonably related," we offer a few additional words to clarify what incidents and theories may, if supported by evidence, provide a basis for relief. Anderson prepared her initial court complaint by filling in the blanks on a form provided to aid pro se litigants. She identified her termination as the act of which she was complaining, and she selected "sex"

from a list of five factors as the basis for the discrimination. Neither retaliation nor handicap discrimination was included in the list. On October 24, 1985, Anderson, with the assistance of counsel, filed an amended complaint alleging handicap discrimination and retaliation and, she argues, also challenging her suspensions. The allegations of handicap discrimination and retaliation, since they both concern Anderson's termination, relate back to the date of the initial complaint. *See Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir.1983), *aff'd on other grounds*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); Fed.R.Civ.P. 15(c). The suspensions, however, do not relate back since nothing in the initial complaint refers to any conduct or occurrence prior to the February 1982 termination. *See Patterson v. General Motors Corp.*, 631 F.2d 476, 486–87 (7th Cir.1980), *cert. denied*, 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). Because Anderson had only thirty days after receipt of the April 1985 final administrative decision in which to seek court review of her suspensions, *see* 42 U.S.C. § 2000e–16(c), her attempt to raise the suspensions in court in her amended complaint was untimely. Anderson of course retains the back pay and other relief she was awarded through the administrative proceedings based on those incidents.

The case is remanded to the district court for further proceedings consistent with this opinion.