**Geraldine COURT, Plaintiff,**

v.

**ADMINISTRATIVE OFFICE OF the THIRD JUDICIAL DISTRICT COURT, SALT LAKE COUNTY, Timothy M. Shea, individually, and Scott Daniels, individually, Defendants.**

**No. 90–C–571–B.**

United States District Court, D. Utah, Central Division.

Feb. 22, 1991.

L. Zane Gill, Salt Lake City, Utah, for plaintiff.

Carlie Christensen, Gen. Counsel, Admin. Office of the Courts, and James R. Soper, State of Utah, Salt Lake City, Utah, for Admin. Office of the Court of Third Jud. Dist., Timothy M. Shea and Scott Daniels.

Jerry G. Campbell, Salt Lake City, Utah, for defendant Salt Lake County.

ORDER

BRIMMER, Chief Judge, sitting by designation.

This matter comes before the Court on the motion to dismiss of defendants Administrative Office of the Third Judicial District Court, Timothy M. Shea, and Scott Daniels. The Court, having considered the materials on file both in support of and in opposition to the motion, having considered the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

*Background*

The facts, as alleged in the complaint, are as follows. Plaintiff, who is 57 years old, worked in the Utah State Court system in Salt Lake County from July 1973 until her employment was terminated on June 10, 1988. From 1981 until her firing, plaintiff held the position of Administrative Assistant in the Third Judicial District Court Executive Office. Defendant Shea is a court executive, and defendant Daniels is a State District Court Judge. Plaintiff alleg-

es that it was the actions of these individual defendants which led to her discriminatory firing.

Plaintiff alleges that, at the time her employment was terminated, she was informed that her position was no longer necessary due to pending plans to reorganize the state court system. She was not offered an opportunity to stay on as a secretary because, as indicated by a letter of reference written by defendant Daniels, she was over-qualified for such a position. A newly created secretarial position was filled by Louise Day, a neighbor of Daniels, who was under thirty and had no previous secretarial experience.

Plaintiff filed suit, alleging the defendants violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA). Plaintiff also asserted state law claims of intentional infliction of emotional distress and breach of the obligation to deal in good faith. Defendants Administrative Office of The Third Judicial District Court, Timothy Shea, and Scott Daniels seek dismissal of the state causes of action as being barred by the Eleventh Amendment and the Utah Governmental Immunity Act. Plaintiff concedes defendants' motion on these claims, and therefore plaintiff's second and third causes of action will be DISMISSED WITH PREJUDICE. Shea and Daniels also seek dismissal of plaintiff's first cause of action, arguing they are not "employers" under ADEA.

### Standard for review

In considering a motion to dismiss, this Court must take the allegations of the pleadings as true and must construe them most favorably to the plaintiff. This Court will not grant a motion to dismiss unless it appears beyond doubt that the plaintiff could prove no set of facts supporting her claim which would entitle her to relief.

*Huxall v. First State Bank,* 842 F.2d 249, 250–51 (10th Cir.1988).

### Discussion

ADEA prohibits employers from discriminating in employment decisions on the basis of age. 29 U.S.C. § 623. "Employer" is defined under ADEA as

> a person engaged in an industry affecting commerce who has twenty or more employees.... The term also means (1) any agent of such person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or political subdivision of a State ...

*Id.* § 630. The term "person" is not defined to include states or political subdivisions, agencies or instrumentalities thereof. Shea and Daniels argue that, as *agents* of the court system, they are not included in the definition of "employer".

Plaintiff contends that, because agents of state agencies and instrumentalities are considered to be employers under Title VII, as defined by 42 U.S.C. § 2000e,[1] and because courts have drawn analogies between ADEA and Title VII in other areas,[2] Shea and Daniels should be considered employers under ADEA.

The parties have cited this Court to decisions of other United States District Courts ruling both ways on the issue presented by defendants' motion. *See, e.g., Ditch v. Bd. of County Comm'rs,* 650 F.Supp. 1245 (D.Kan.1986) and *McCroan v. Bailey,* 543 F.Supp. 1201 (S.D.Ga.1982) (agents of the state are not employers under ADEA); *contra Coffin v. South Carolina Dept. of Social Serv.,* 562 F.Supp. 579 (D.S.C.1983) and *Goodman v. Bd. of Trustees,* 498 F.Supp. 1329 (N.D.Ill.1980). Neither party has cited, nor can the Court find, any Circuit authority interpreting the provision in issue.

---

**1.** 42 U.S.C. § 2000e provides:
(a) The term "person" includes ... governments, governmental agencies, [and] political subdivisions....
(b) The term "employer" means a person engaged in an industry affecting commerce ..., and any agent of such a person....

**2.** *See, e.g., Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *Equal Employment Opportunity Comm'n v. Reno,* 758 F.2d 581 (11th Cir.1985).

The language Congress chose to use in the two statutes leads to the conclusion that the ADEA definition of "employer" is different from the definition of the same term under Title VII. ADEA defines "employer" to include: (1) private parties, engaged in industry affecting interstate commerce and meeting the numerical requirements; (2) agents of such private parties; and (3) states and state agencies. It does not include *agents* of the third category of employers. In contrast, the language of the definition of "employer" which applies in Title VII cases includes: (1) public (states and state agencies) and private parties; and (2) their agents. Thus, Daniels and Shea, as agents of the court system, are not employers under ADEA.

This conclusion is not at odds with the decisions of courts which have looked to interpretations of Title VII when those courts were confronted with statutory interpretation questions involving ADEA. As the Court in *Oscar Mayer* noted, "[s]ection 14(b) of the ADEA was patterned after and is virtually *in haec verba* with § 706(c) of Title VII. . . ." *Oscar Mayer*, 441 U.S. at 755, 99 S.Ct. at 2071. These provisions are intended "to screen from the federal courts those discrimination complaints that might be settled to the satisfaction of the grievant in state proceedings." *Id.* at 756, 99 S.Ct. at 2071. In contrast, 29 U.S.C. § 630(b)'s definition of "employer" is not "*in haec verba*" with the definition found in 42 U.S.C. § 2000e. While ADEA and Title VII serve the same general purpose— "elimination of discrimination from the workplace"—the Supreme Court has recognized that there are "significant differences". *Lorillard v. Pons*, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978). The definition of "employer" is one of those differences. Therefore, the motion of Daniels and Shea to dismiss plaintiff's first cause of action must be GRANTED.

Therefore, it is

ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED, that plaintiff's first cause of action be, and the same hereby is, DISMISSED WITH PREJUDICE as against defendants Timothy M. Shea and Scott Daniels, and that plaintiff's second and third causes of action be, and the same hereby are, DISMISSED WITH PREJUDICE as against all defendants. It is further

ORDERED that plaintiff's oral motion to amend complaint, offered at the hearing on defendants' motion to dismiss, to properly substitute Administrative Office of State Courts as defendant in place of defendant Administrative Office of the Third Judicial District Court be, and the same hereby is, GRANTED.

In addition, the following matters were decided:

1. Discovery cutoff date is March 28, 1991. All written discovery requests shall be served upon opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date.

2. Defendant Salt Lake County shall serve interrogatories by February 15, 1991. Plaintiff shall serve answers to such interrogatories within 20 days of service of the interrogatories.

3. The deadline for filing of dispositive motions together with briefs and affidavits in support thereof is April 11, 1991. The party opposing such motion(s) shall file responsive briefs and affidavits by April 18, 1991. The dispositive motions are hereby set for oral hearing before the Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation in and for the United States District Court for the Central Division, State of Utah, on April 26, 1991 at 11:00 a.m., at the federal district courthouse in Salt Lake City, Utah. In the event all dispositive motions have been briefed and argued before the Court prior to the above deadlines, counsel shall so advise the Clerk of Court and the hearing date will be stricken.

4. A final pretrial conference in this matter is scheduled for 9:00 a.m. on June 14, 1991, to be conducted by Judge Brimmer, and will be held via telephone conference call to be initiated by the Assistant Attorney General for the State of Utah. The phone number to be used is Area Code

307–772–2463. ALL PARTIES SHALL SUBMIT THEIR PRETRIAL MEMORANDA NO LATER THAN FIVE (5) DAYS PRIOR TO THE CONFERENCE.

A jury trial is hereby set for July 8, 1991, at 9:30 a.m., in Salt Lake City, Utah, and is expected to last five (5) days. The parties shall exchange and file an original and one copy of their proposed voir dire questions, jury instructions and special verdict form three (3) days prior to the commencement of trial.

It is so ORDERED.