972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Buck GREEN, Appellant,
v.
Anthony FRANK; United States Postal Service, Appellees.
 No. 91-3083.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 11, 1992.
Filed: July 14, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Buck Green appeals pro se from the district court's[1] order granting Anthony Frank and the United States Postal Service (USPS) directed verdicts on two counts and judgment following a trial on a third count in this Title VII employment discrimination action. We affirm.
 
 
 2
 In his second amended complaint, Green alleged that he received two letters of warning concerning his poor work performance in retaliation for a prior lawsuit he had filed against the USPS. Green filed a union grievance as to each warning letter and an Equal Employment Opportunity complaint covering both letters claiming that these actions were taken against him in reprisal for his previous lawsuit against the USPS.
 
 
 3
 Green further alleged that during this time, he was treated by a psychiatrist for stress-related disorders. His psychiatrist determined that Green's assignment was too stressful and that Green could return only if he were reassigned to another position. The USPS denied Green's request for a reassignment. Green alleged that after the USPS later threatened to convert his unpaid leave status to absence without leave, he was forced to resign. The USPS then cancelled further investigation of his EEO complaint.
 
 
 4
 Green claimed that the decision refusing his reassignment to another position and his constructive discharge were a result of discrimination on the basis of his race, in violation of Title VII and 42 U.S.C. § 1981 (counts 1 and 5, respectively) and that the USPS constructively discharged him, gave him two letters of warning, and provided prospective employers with false information about his performance, all in retaliation for engaging in protected activities (counts 2, 4, and 3 respectively). Green sought injunctive relief, compensatory damages, and attorney's fees.
 
 
 5
 On motion for summary judgment, the district court dismissed count 1 (refusal to grant a job transfer) for failure to exhaust administrative remedies, concluding that the claim was not reasonably related to the allegations in the EEO complaint. The court dismissed the section 1981 race discrimination claim on the ground that Title VII was the exclusive remedy, and moreover, that Green had not demonstrated the relationship between the race discrimination claim and his administrative charge. With respect to count 4 (retaliatory letters of warning), the court concluded there was a material factual dispute as to whether the letters were removed from Green's personnel file, and denied the motion for summary judgment as to count 4.
 
 
 6
 After the close of Green's case-in-chief, the court granted defendant's motion for a directed verdict on count 2 on the basis that Green had not exhausted his administrative remedies regarding his constructive-discharge claim and on count 3 for failing to present any evidence that the USPS adversely affected his alternative employment opportunities. At the conclusion of the trial on count 4 (retaliatory warning letters), the district court found that Green had made out a prima facie case, but that the USPS had presented legitimate and legally sufficient nonretaliatory reasons to explain why the letters of warning were issued to Green, and Green failed to show the reasons were pretextual. Thus, the court granted judgment in favor of the USPS on count 4.
 
 
 7
 On appeal Green argues the district court erred in excluding evidence regarding his previous EEO actions. Green also argues the district court erred in dismissing his constructive discharge and failure-to-transfer claims for lack of jurisdiction, because his EEO complaint sufficiently presented these retaliation allegations. Green also argues there was insufficient evidence to support the district court's judgment on count 4.
 
 
 8
 This court reviews the district court's decision to exclude evidence under an abuse of discretion standard. Hannah v. City of Overland, 795 F.2d 1385, 1388-89 (8th Cir. 1986). Concerned about the overlap in issues presented or to be presented in Green's other litigation, the district court carefully tailored the admission of relevant evidence in this action. The district court did not abuse its discretion in limiting the evidence.
 
 
 9
 This court has held that " '[w]hen an employee seeks judicial relief for incidents not listed in [his] original [administrative] charge ..., the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the [administrative] charge, including new acts occurring during the pendency of the charge.' " Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986) (quoting Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973)). If the constructive discharge claim "directly related to or grew out of the practices challenged in the prior charges," id., then the claim should have been deemed exhausted. Here, the EEO complaint was filed as a result of the warning letters. Green testified he resigned after his supervisor notified him that his approved leave would be changed to unapproved leave and because of his frustration in not being able to transfer out of the unit. Thus, the constructive discharge resulted from the agency's refusal to transfer him, rather than from the disciplinary actions which were the subject of his EEO complaint. Because Green's resignation was not "directly related" to the disciplinary action or the failure to transfer, the district court did not err in concluding Green had to exhaust his administrative remedies regarding those claims.
 
 
 10
 Finally, based on the trial transcript, the court's findings with respect to the retaliatory warning letters are not clearly erroneous and the conclusions of law are supported by the evidence.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri