816 F.Supp. 548 (1993)
Elizabeth J. KIZER, Plaintiff,
v.
The CURATORS OF the UNIVERSITY OF MISSOURI, E. Terrence Jones, and Thomas McPhail, Defendants.
No. 4:92CV00408 GFG.
United States District Court, E.D. Missouri, E.D.
March 25, 1993.
*549 Harold I. Elbert, Partner, Kohn and Shands, Samuel H. Liberman, St. Louis, MO, for plaintiff.
John R. Musgrave, Judith L. Garner, Coburn and Croft, St. Louis, MO, for defendants.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss portions of plaintiff's complaint.
Plaintiff Elizabeth Kizer, a professor at the University of Missouri-St. Louis, brings this action against defendants the Curators of the University of Missouri; E. Terrence Jones, the University's Dean; and Thomas McPhail, the current chairperson of Kizer's department. Kizer alleges that defendants discriminated against her on the basis of her age and sex and in retaliation for having previously filed a grievance. She asserts claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634; Title VII, 42 U.S.C. §§ 2000e-2000e-17; and the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §§ 213.010-213.126. She additionally asserts that Jones and McPhail tortiously interfered with her employment relationship with the University.
The University hired Kizer as an associate professor in the Department of Speech Communications at the University of Missouri-St. Louis in August of 1976. In 1985, Kizer filed a grievance contending she was denied tenure and a promotion on the basis of her sex. This grievance was resolved and Kizer returned *550 to work in the Department of Speech Communications. Later, in April of 1987, Kizer was elected to the position of Department Chairperson. She left that position in December of 1990.[1]
On May 3, 1991, Kizer filed a charge with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR), naming the University as respondent. In the charge, she alleged that:
I believe I have been discriminated against in retaliationfor [sic] having filed the grievance by being refused to have the previously negotiated grievance settlement terms recognized; by being penalized on annual raise increment; by refusing to support my nomination for an ACE fellowship; and by having my application to serve as acting Associate Vice Chancellor for academic affairs blocked for consideration, and in being harassed with sexual remarks because of my age, 57, and my sex, female.
The EEOC and the MCHR issued notice of right to sue on December 6, 1991 and March 2, 1992, respectively.
Kizer commenced this action on March 3, 1992. In her complaint she reiterates some of the allegations contained in her charge and adds allegations that defendants forced her removal from her position as Department Chairperson in order to replace her with a younger, higher-paid male, whom they recruited and hired in violation of the normal tenure procedures. Kizer also asserts that defendants discriminated against her in their assignment of classes and duties, placing undeserved accusations in her file, being overly critical of her work, denying and interfering with her opportunities for promotion and advancement, excluding her from work related functions, circulating false and slanderous accusations against her and interfering with her performance as a teacher and member of the faculty.
When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true, construing the complaint and all reasonable inferences therefrom, in a light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). Therefore, "a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id. This standard applies equally to a motion to dismiss for lack of subject matter jurisdiction as to a motion to dismiss for failure to state a claim. Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir.1980).
Jones and McPhail move to dismiss Kizer's discrimination claims against them. With regard to the claim of age discrimination, Jones and McPhail assert that they are not employers within the meaning of the ADEA. The ADEA prohibits certain conduct by an employer, defining an employer as "a person engaged in an industry affecting commerce" and "any agent of such a person," as well as "a State or political subdivision of a State and any instrumentality of a State or a political subdivision of a State." 29 U.S.C. § 630(b). This definition contemplates liability on the part of some agents, those of persons, and for entities with a certain relationship to a state, but it does not extend liability to agents of a state, its political subdivisions or instrumentalities. See, e.g., Wanner v. State of Kansas, 766 F.Supp. 1005, 1006-1007 (D.Kan.1991) (director of the Divisions of Architectural services not an employer); Tranello v. Frey, 758 F.Supp. 841, 851 (W.D.N.Y.1991) (county executive and county attorney not employers), aff'd in part and appeal dismissed in part, 962 F.2d 244 (2d Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 813, 121 L.Ed.2d 686 (1992); Court v. Admin. Office of the Third Judicial Dist. Court, Salt Lake County, 764 F.Supp. 168, 170 (D.Utah 1991) (state court judge and court executive not employers). Accordingly, *551 the Court shall dismiss Kizer's ADEA claim as to Jones and McPhail.
The Court notes, however, that Kizer bases her claim of age discrimination on both the ADEA and the MHRA. THe MHRA authorizes suit against any person directly acting in the interest of an employer and defines employer to include the state. Mo. Rev.Stat. § 213.010(6). Therefore, Jones' and McPhail's dismissal from the ADEA claim does not insulate them entirely from a claim of age discrimination.[2]
Jones and McPhail also maintain that they should be dismissed from Kizer's discrimination claims because she did not name them in her EEOC charge. Generally, parties who are not named in the EEOC charge are not subject to suit in a subsequent civil action. Greenwood v. Ross, 778 F.2d 448, 450-51 (8th Cir.1985). Courts recognize exceptions to this rule, however, "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Id. at 451. For example, the named respondent and the unnamed party may share sufficient identify of interest to satisfy Title VII's intention that each defendant shall have adequate notice and opportunity to conciliate. Id. "The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charge." Id.
Neither Jones' nor McPhail's name appears in Kizer's description of her grievance contained in her EEOC charge. Both individuals were on notice of the charges, however, because they were interviewed as part of the EEOC investigation. Moreover, Jones and McPhail concede that an identity of interest exists between themselves and the University. Even if Jones and McPhail did not personally participate in conciliation efforts, a supervisor has an adequate opportunity to conciliate when the employer had such an opportunity and the supervisor's conciliation interests would be commensurate with his employer's. Arenas v. Ladish Co., 619 F.Supp. 1304, 1308 (E.D.Wis.1985). In light of the circumstances of this case, the Court concludes that Kizer's failure to name Jones and McPhail in her EEOC charge does not warrant dismissal of those individuals from her Title VII claim.
Defendants also request dismissal of those portions of the discrimination claims that stem from allegations which they contend Kizer did not present to the EEOC. Where a person has filed a charge of discrimination with the appropriate agency and has received a notice of right to sue on that charge, she need not file a separate charge of discrimination with regard to discrimination like or reasonably related to the allegations in the charge. Anderson v. Block, 807 F.2d 145, 148 (8th Cir.1986). "To force a plaintiff to file a new administrative charge with each continuing incident of discrimination, would create needless procedural barriers." Id. A common motivation behind the discrimination, however, will not suffice to expand the scope of the original administrative charge to encompass the later allegations. Boge v. Ringland-Johnson-Crowley Co., 976 F.2d 448, 451 (8th Cir.1992) (citing district court decision with approval).
One set of allegations that defendants seek to dismiss arises from Kizer's purported ouster as Department Chairperson. Kizer's departure from the position of chairperson and the circumstances surrounding selection of her replacement are not like or reasonably related to the allegations in her charge. This conclusion is supported by the EEOC's determination letter, which does not stray from the precise issues presented in Kizer's charge. Moreover, Kizer's forced removal occurred prior to May 3, 1991, when she filed her charge with the EEOC. Kizer's charge cites specific significant instances when she was denied employment opportunities yet it makes no reference to this specific event. Although the Court should not require excessive exactness in complying with the administrative prerequisites to maintaining a claim of discrimination, it concludes that Kizer *552 should have included in her charge some reference to an event of this magnitude occurring prior to the filing of the charge so as to allow an opportunity for conciliation. Accordingly, as to the events surrounding Kizer's alleged removal from the position of chairperson and the selection of her replacement, Kizer failed to include them in her charge and is now precluded from maintaining those claims.
The balance of the allegations that defendants request the Court to dismiss refer to general events, without mention of a particular date or participant. Kizer describes her charge, as well as the complaint, as presenting a course of continuing harassment based on her age and sex and in retaliation for her previous successful grievance. Under that interpretation, the miscellaneous allegations in the complaint are like or reasonably related to those contained in the charge. Given the general nature of these allegations, the Court concludes that defendants have not established that it appears beyond doubt that Kizer can prove no facts to support her assertion that this Court has jurisdiction over those claims.
The last issue before the Court regarding Kizer's discrimination claims concerns the relief available under the ADEA, Title VII and the MHRA, as well as the jury demand on the Title VII-MHRA claim. In her ADEA-MHRA count, Kizer seeks compensation for her past and future losses and damages, together with punitive damages. The remedies available under the ADEA are reinstatement, back pay, lost benefits and, in the case of a willful violation, liquidated damages, which are punitive in nature. EEOC v. Independent Stave Co., 754 F.Supp. 713, 721-22 (E.D.Mo.1991). The MHRA provides for the recovery of actual damages, which may include an award for emotional distress and humiliation, and punitive damages. Sullivan v. Curators of the Univ. of Mo., 808 F.Supp. 1420, 1422 (E.D.Mo.1992); Mo.Rev.Stat. § 213.111.2. In general, Kizer's demand has support in the law and the Court will deny defendants' request to strike paragraph 16 and the ad damnum in Count I.
Regarding Kizer's claim pursuant to Title VII, defendants suggest that the 1991 amendments to the Civil Rights Act do not apply to the conduct alleged in Kizer's complaint. Inasmuch as the dates of those events are not currently before the Court, it will deny defendants' request without prejudice to refiling after such time as the facts are more fully developed. The parties should keep in mind that, as the Court explained previously, some of the relief requested is recoverable under the MHRA even if not compensable under Title VII. Furthermore, in some instances a plaintiff bringing suit under the MHRA in federal court is entitled to a jury trial. Eskridge v. State Farm Mut. Auto. Ins. Co., No. 91-0981-C-5, 1992 WL 437986 (E.D.Mo. April 10, 1992); but see Gill v. Reorganized School Dist. R-6, No. 4:92CV907 DJS (E.D.Mo. Nov. 11, 1992) (as against state governmental entity no right to jury trial attaches under MHRA).
Lastly, defendants Jones and McPhail seek to dismiss the third count of Kizer's complaint, which contends that these two defendants tortiously interfered with her employment by the University. Jones and McPhail argue that they enjoy official immunity from suit for discretionary acts performed in the scope of their positions. Although defendants correctly cite the general rule, this immunity does not extend to deliberate and malicious acts of state employees.[3]See State ex rel. Twiehaus v. Adolf, 706 S.W.2d 443, 446-47 (Mo.1986) (en banc). Kizer's complaint alleges that Jones and McPhail acted willfully and maliciously. Official immunity does not shield Jones and McPhail from Kizer's claim for tortious interference. The Court also rejects defendants' request to dismiss for failure to state a claim. Plaintiff's allegations are sufficient.
IT IS HEREBY ORDERED that defendants' motion to dismiss and to strike is *553 granted to the extent set forth hereafter and in all other respects is denied.
IT IS FURTHER ORDERED that defendants Jones and McPhail are dismissed from plaintiff's claim under the Age Discrimination in Employment Act.
IT IS FURTHER ORDERED that, to the extent plaintiff's claims in Count I and II rely on plaintiff's allegations regarding her forced removal from the position of Department Chairperson, more particularly the allegations in paragraph 13(b) to (e), they are dismissed.
NOTES
[1] This fact is not contained in the complaint. The Court may consider it, however, to the extent defendants seek to dismiss for lack of subject matter jurisdiction. Satz v. ITT Financial Corp, 619 F.2d 738, 742 (8th Cir.1980) (court may consider matter outside pleading for purposes of motion to dismiss for lack of subject matter jurisdiction). To the extent defendants' motion seeks dismissal for failure to state a claim, the Court's decision will not consider matters outside the pleading. See Fed.R.Civ.P. 12(b).
[2] Unlike the ADEA, but similar to the MHRA, Title VII authorizes suit against an agent of a governmental employer. See 42 U.S.C. § 2000e(a) & (b).
[3] Defendants' reply, wherein they attempt to refute Kizer's assertion that official immunity does not apply to willful acts, relies on a case decided on the basis of Eleventh Amendment immunity rather than official immunity. Hoferek v. University of Mo., 604 F.Supp. 938, 941 (W.D.Mo. 1985).