**Enid L. KAUP and Rebecca B. Staggs, Plaintiffs,**

v.

**FIRST BANK SYSTEM, INC., and Colorado National Bank, Defendants.**

Civil Action No. 94–K–1702.

United States District Court, D. Colorado.

May 22, 1996.

156

Edwyn F. Schaefer, Elwyn F. Schaefer & Associates, Robert A. Lees, Lees & Knowling, L.L.C., Denver, CO, for Plaintiffs.

Steven J. Merker, Kimberly Y. Nash, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiffs Enid Kaup and Rebecca Staggs were fired from their jobs as personal bankers at Colorado National Bank (CNB) in August 1994, one month after initiating this employment discrimination action against CNB and its parent corporation First Bank Systems, Inc. ("First Bank"). Plaintiffs' Complaint was based on two sets of administrative charges they had filed with the Equal Employment Opportunity Commission (EEOC), the first alleging sex and age discrimination and the second alleging continued discrimination and retaliation.

After they were fired, Plaintiffs filed a third set of administrative charges against CNB alleging retaliatory discharge. Despite receiving a form right-to-sue notice on these charges in October 1994, Plaintiffs waited until December 1995 to seek leave to amend their Complaint to add a claim for retaliatory discharge. Judge Babcock denied Plaintiffs' motion to amend in February 1996, citing undue delay. At that time, trial was set to

commence on March 25, 1996. On March 15, 1996, the case was transferred to me for trial. Plaintiffs renewed their motion and, after hearing the parties' arguments for and against the addition of the retaliatory discharge claim, I granted leave to amend under Rule 15 of the Federal Rules of Civil Procedure. I continued the trial until August 12, 1996, ordered Plaintiffs to file their amended complaint [1] and asked the parties to submit a new pretrial order. However, I also asked for briefs on Defendants' contention that Plaintiffs' retaliatory discharge claims were time-barred under Title VII.

The issue is now before me on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. Defendants argue Plaintiffs' discharge claims are barred under 42 U.S.C. § 2000e–5(f)(1) because Plaintiffs did not file their motion to amend within 90 days of receiving the right-to-sue notice based on Plaintiffs' third set of charges. Section 2000e–5(f)(1) requires civil *actions* based on administrative charges to be filed within 90 days; it does not address the question presented, namely, whether a request to add a claim to an *existing* action must be made within 90 days. Based on my review of the applicable law, the issue is one of relation back under Rule 15 of the Federal Rules of Civil Procedure. If a proposed amended complaint is filed after the 90–day limitations period prescribed by Title VII, the complaint will nevertheless be considered timely if it relates back to an original complaint filed within the 90–day period. Because Plaintiffs' retaliatory discharge claim relates back to the discrimination and retaliation claims in the original Complaint, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment should be denied.

## I. *FACTS*

In total, Plaintiffs filed three sets of administrative charges with the EEOC: the first in January 1994; the second in June 1994; and the third in August 1994. The first two sets of charges formed the basis of Plaintiffs' original Complaint. The January charges alleged Kaup and Staggs were passed over for promotions and disciplined differently than their male counterparts in violation of the Equal Pay Act, Title VII and, in the case of Kaup, the ADEA. *See* Charge of Discrimination (Defs.' Mot. Dismiss or Mot Summ. J, Ex. A). The June charges alleged Kaup and Staggs had been placed on probation and suffered continued discrimination and harassment in retaliation for filing their original charges. *See id.*, Ex. C. In her June charge, Kaup specifically alleged Defendants retaliatory conduct included threatening her with discharge. Kaup and Staggs received individual form right-to-sue letters from the EEOC on both sets of charges, and filed their Complaint on July 21, 1994. They were fired on August 1, 1994.

Shortly thereafter, Kaup and Staggs filed a third set of administrative charges, alleging they were discharged in retaliation for filing the earlier charges and the civil lawsuit. They received form right-to-sue notices on October 31, 1994. Based on an illness in the family and other time pressures, Plaintiffs' counsel did not move to amend the original Complaint within the 90–day time period for filing civil actions based on EEOC notices prescribed in 42 U.S.C. § 2000e–5.

## II. *MERITS*

Defendants argue that once Plaintiffs filed separate administrative charges alleging retaliatory discharge and received a separate form right-to-sue notice, they were required under § 2000e–5(f)(1) to amend their complaint within 90 days or be barred from bringing their claim. I disagree.

█ Under clearly established law, it is doubtful that Kaup and Staggs were required to file the third set of administrative charges after they were fired. "When an employee seeks judicial relief for incidents not listed in [her] original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of [her] EEOC charge, including new acts occurring during the pendency of the charge." *Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973) (citations omitted), *applied in Anderson v. Block*, 807 F.2d 145, 148 (8th

---

**1.** For whatever reason, Plaintiffs have yet to do so.

Cir.1986). "To force a plaintiff to file a new administrative charge with each continuing incident of discrimination would create needless procedural barriers." *Id.* (citing *Oubichon*, 482 F.2d at 571 (in turn, citing *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)).[2]

■ The rule suggests that the viability of Plaintiffs' retaliatory discharge claim does not hinge on their third set of administrative charges at all, but rather, should be considered in reference to their first and second charges. If the claim is "like or reasonably related to" the allegations in their earlier charges, then it is encompassed by the original complaint. *Oubichon*, 482 F.2d at 571 (claims for instances of discrimination not listed in original administrative charge should not have been dismissed, employee was entitled to establish that incidents were part of chain of events reasonably related to the charge); *see Bernstein v. National Liberty Int'l Corp.*, 407 F.Supp. 709, 713 (E.D.Pa.1976) (where discrimination allegations sought to be added in plaintiff's proposed amended complaint might reasonably have been the subject of an EEOC investigation growing out of plaintiff's original administrative charge, district court had jurisdiction to hear them).

■ Stated another way, an amended Title VII complaint filed after the 90–day limitations period will be allowed if it "relates back" to an earlier complaint filed within the requisite time period under the standard stated in Rule 15(c) of the Federal Rules of Civil Procedure. Where additions in a proposed amended complaint arise out of the same conduct or occurrence as the original complaint, the amended complaint "relates back" to the original complaint for the purposes of Title VII's 90–day limitations period. *See Bernstein*, 407 F.Supp. at 713–14.

■ Defendants contend Plaintiffs' retaliatory discharge claim does not "relate back" to their original Complaint because Defendants "were not put on notice that [P]laintiffs' termination was part of the conduct for which they were suing." Defs.' Mot. Dismiss at 11. Defendants cite *Zakutansky v. Bionetics Corp.*, 806 F.Supp. 1362, 1365 (E.D.Ill. 1992), a case dismissing the retaliatory discharge claim asserted in plaintiff's amended complaint as untimely because the claim was "discrete" and "separate" from the discriminatory conduct alleged in the initial complaint. According to Defendants, *Zakutansky* supports the distinction between claims related to treatment in the workplace and discharge claims. Notice of the former, they argue, does not constitute notice of the latter.

*Zakutansky* is distinguishable from the case at bar. In *Zakutansky*, the court found plaintiff's initial complaint "contained no hint of a retaliation claim at all." 806 F.Supp. at 1366. Instead, it charged defendants "with failing to give heed to [plaintiff's] complaints about sexual harassment," and "said nothing" to suggest plaintiff was the victim of retaliation. *Id.* Here, by contrast, the initial Complaint not only asserts a claim for retaliation, *see* Compl. ¶¶ 76–81 (Third Claim for Relief), but also identifies twelve acts of continuing retaliatory conduct Defendants had, up to the date the Complaint was filed, allegedly directed at Plaintiffs. *See* Compl. at ¶¶ 63(a)–(f) (Kaup), 64(a)(f) (Staggs). These acts began with the assignment of unequal or non-revenue generating work to Plaintiffs in January 1994 (¶¶ 63(a) & 64(a)) and culminated with "threatening Kaup with discharge and placing her on probation" in June 1994 (¶ 63(f)) and "threatening" and then "placing Staggs on probation" that same month (¶ 64(f)). Unlike the defendants in *Zakutansky*, CNB and FBS clearly were on notice upon the filing of the initial Complaint that Plaintiffs' claims involved what they perceived to be a continuing course of discrimi-

---

**2.** Defendants argue the *Oubichon* rule should not apply because Plaintiffs' first and second sets of charges were no longer pending at the time they were fired, and Defendants were therefore precluded from engaging in the EEOC's investigation and conciliation process with respect to Plaintiffs' termination. As an initial matter, Defendants' interest in conciliation is belied by the fact that they failed to engage in it with respect to Plaintiffs' first two sets of charges. Further, at the time the third set of charges was filed, Defendants were already engaged with Plaintiffs in this lawsuit where investigation and conciliation regarding Plaintiffs' allegedly retaliatory terminations were, and are, ongoing.

natory and retaliatory conduct. Defendants' glib assertion that Plaintiffs' initial complaint "could not have put [them] on notice [of a retaliatory discharge claim] because [Plaintiffs'] termination[s] had not even occurred" is unpersuasive.

Plaintiffs' terminations, which occurred only days after their initial Complaint was filed, arose out of the same "conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading," and therefore "relate back" to the original pleading for purposes of the 90–day limitations period.

### III. *CONCLUSION*

The retaliatory discharge claims of Plaintiffs Kaup and Staggs are like, or reasonably related to, the discrimination and retaliation allegations set forth in their first and second administrative charges. Therefore, I need not consider the preclusive effect, if any, of their failure to amend their original Complaint within 90 days of receiving their EEOC right-to-sue notice on their third set of administrative charges. Even if I were to consider the failure to file, Plaintiffs' retaliatory discharge claims arose out of the same "conduct, transaction, or occurrence" set forth in the original Complaint such that their amended complaint relates back to the original Complaint for the purposes of the 90–day limitations period. Accordingly,

Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is DENIED. Plaintiffs must file their amended complaint forthwith. Plaintiffs' retaliatory discharge claims will proceed to trial together with their other discrimination and retaliation claims as scheduled on August 12, 1996.