Gwendolynn J. REISS, Appellant,

v.

ICI SEEDS, INC., Appellee.

No. 94–1028.

Court of Appeals of Iowa.

March 27, 1996.

---

3. "One who is liable for either a slander actionable per se or a libel is also liable for any special harm legally caused by the defamatory publication." Restatement (Second) of Torts § 622 (1977).

Randy V. Hefner of Van Werden, Hulse & Hefner, Adel, and John C. Powell of Shirley, Smith, Shirley & Powell, Perry, for appellant.

Gerald W. Crawford and J.D. Hartung of Crawford & Associates, West Des Moines, for appellee.

Thomas J. Miller, Attorney General, and Rick Autry, Assistant Attorney General, for amicus curiae Iowa Civil Rights Commission.

Bruce L. Braley of Dutton, Braun, Staack, Hellman & Iversen, P.L.C., Waterloo, for amicus curiae Iowa Trial Lawyers Association.

Considered by HABHAB, P.J., and CADY and HUITINK, JJ.

HUITINK, Justice.

Gwendolynn Reiss appeals the district court's judgment dismissing her retaliatory discharge and sex discrimination claims against ICI Americas, Inc. We affirm.

Gwendolynn Reiss began working as a district sales manager (DSM) for Garst Seed Company in 1983. During Reiss's employment, Garst was purchased by ICI Seeds, Inc. which later merged with ICI Americas, Inc. (ICI). As a DSM, Reiss was responsible for recruiting, training, and supervising sales agents in her southern Minnesota district. She expanded that sales force from about six agents in 1983 to fifty-two agents in 1991 and received satisfactory to generally favorable performance evaluations throughout the tenure of her employment.

In 1990 ICI acquired Super Crost Seed Company and eventually combined the sales forces of the two companies. Reiss's district was included in a newly-formed region, resulting in the termination of four of the new region's thirteen DSM's. Reiss's position was one of the four eliminated, along with

one other ICI DSM and two Super Crost DSM's.

Reiss filed a complaint with the Iowa Civil Rights Commission asserting she had been discharged in retaliation for an earlier sexual harassment grievance she had made against ICI·marketing manager Robert McClelland. Reiss's administrative complaint was limited to allegations of retaliatory discharge. The complaint made no reference to her sex discrimination claim. The commission issued an administrative release on Reiss's complaint, and she subsequently initiated this action against ICI. Unlike Reiss's civil rights complaint, this action included claims for both retaliatory discharge and sex discrimination. Reiss also demanded a jury trial.

ICI moved to strike the jury demand. It also moved for summary judgment arguing, among other things, that Reiss had failed to exhaust her administrative remedies on her sex discrimination claim. The district court sustained ICI's motion to strike the jury demand and denied the motion for summary judgment.

At trial, ICI renewed its motion to dismiss claiming the court lacked authority to consider Reiss's sex discrimination claim because Reiss had not exhausted her administrative remedies. At the close of the evidence the district court dismissed Reiss's sex discrimination claim, finding that her retaliatory discharge claim was not reasonably related to the sex discrimination claim included in this case. The court also determined Reiss failed to prove the necessary elements of a retaliatory discharge claim. Although Reiss's sex discrimination claim was dismissed on procedural grounds, the district court nevertheless found Reiss failed to make a prima facie showing of sex discrimination. All of Reiss's claims were accordingly dismissed. Reiss appeals.

■ Our review is for the correction of errors of law. Iowa R.App.P. 4. The trial court's findings of fact have the effect of a special verdict and are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We construe the trial court's findings broadly and liberally. *Grinnell Mut. Reins. Co. v. Voeltz,* 431 N.W.2d 783, 785 (Iowa 1988). In case of doubt or ambiguity we construe the findings to uphold, rather than defeat, the judgment. *Id.*

We are prohibited from weighing the evidence or the credibility of the witnesses. *Id.* Evidence is substantial or sufficient when a reasonable mind could accept it as adequate to reach the same findings. *Waukon Auto Supply v. Farmers & Merchants Sav. Bank,* 440 N.W.2d 844, 846 (Iowa 1989). Evidence is not insubstantial merely because it could support contrary inferences. *Grinnell Mut. Reins. Co.,* 431 N.W.2d at 785.

■ We first address the trial court's determination that Reiss did not prove all of the required elements of her retaliatory discharge claim. To sustain a claim of retaliatory discharge, a plaintiff must prove: (1) she was engaged in a statutorily protected activity; (2) she suffered adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Hulme v. Barrett,* 449 N.W.2d 629, 633 (Iowa 1989). Although the first two elements of this claim were undisputed, the district court concluded there was not a causal connection between Reiss's sexual harassment complaint and her termination.

■ In support of her retaliation claim, Reiss presented the testimony of three former ICI employees who had been discharged prior to Reiss's termination. These individuals testified regarding incidents involving McClelland's harassment of Reiss but did not offer any additional evidence connecting Reiss's termination to her complaints against McClelland. Although Reiss testified that she was expressly told her termination "had nothing to do with previous incidents with Mac McClelland," the trial court expressly rejected Reiss's version of this conversation. ICI offered evidence Reiss's termination was based on the result of reorganization within the company following the merger. ICI employees testified that Reiss's harassment complaint did not influence the decision to terminate her. We find this evidence sufficient to support the trial court's finding Reiss's termination was not causally connected to her sexual harassment complaint against McClelland. We affirm on this issue.

Reiss next contends the district court erred in dismissing her sex discrimination

claim on procedural grounds. She argues the district court had the authority to consider her sex discrimination claim because it was reasonably related to her retaliatory discharge claim.

Under Iowa Code section 216.15 (formerly Iowa Code section 601A), a person claiming to be the victim of a discriminatory employment practice must file a written complaint with the Iowa Civil Rights Commission and obtain an administrative release to pursue her claim in district court. Iowa Code § 216.15 (1993). This complaint must identify the parties and describe the allegedly unfair employment practices. *Id.* In district court cases involving multiple claims of unfair employment practice, the district court retains authority to hear evidence on all claims reasonably related to the plaintiff's initial administrative complaint. *See Lynch v. City of Des Moines,* 454 N.W.2d 827, 833 (Iowa 1990) (retaliation claim not raised on the administrative level was reasonably related to sex discrimination claim where alleged retaliatory conduct occurred after sex discrimination complaint was filed with commission). We construe the procedural requirements of section 216.15 liberally in view of its beneficial purposes in exposing unlawful discrimination. *See Hulme v. Barrett,* 449 N.W.2d 629, 633 (Iowa 1989) (discussing Iowa Code § 601A).

We find the retaliation claim Reiss filed with the commission is reasonably related to the sex discrimination claim filed in district court. Reiss's sex discrimination and retaliatory discharge claims were both asserted against a single employer, ICI Seeds. Both claims arose from Reiss's 1991 termination from ICI and both allege Reiss's gender to be the ultimate basis for the challenged unfair employment practice. We find these common elements demonstrate a reasonable relationship between Reiss's retaliation and sex discrimination claims. Accordingly, we conclude the district court had authority to consider Reiss's sex discrimination claim.

Although the district court conclusion dismissed Reiss's sex discrimination claim on jurisdictional grounds, it also ad-

dressed her claim on the merits. We will not disturb a trial court decision which is proper on any ground supported by evidence in the record. *KCOB/KLVN, Inc. v. Jasper County,* 473 N.W.2d 171, 174 (Iowa 1991). As a result, we will affirm the trial court's ruling if we find it is sufficiently supported by the evidence.

Under the Iowa Civil Rights Act, a plaintiff may prove discrimination with direct evidence or by the indirect, burden shifting method of proof established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Hulme v. Barrett,* 449 N.W.2d 629, 632 (Iowa 1989) (applying *McDonnell Douglas* framework in claim brought under Iowa Civil Rights Act). Under this analysis, the plaintiff has the burden to establish a prima facie case of discrimination. *Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207, 215 (1981). If the burden is met, this raises a presumption of discrimination, and the burden then shifts to the defendant to offer legitimate, nondiscriminatory reasons for its actions. *Id.* If the defendant meets this burden, the plaintiff, who at all times retains the burden of proving discrimination, then has the burden to prove the employer's proffered reasons are pretextual. *Id.* Once the fact finder has made its determination on the merits, however, the presumptions employed by the trial court under *McDonnell Douglas* fade away and we examine the record solely to determine if the fact finder's ultimate conclusion is supported by substantial evidence. *Landals v. George A. Rolfes Co.,* 454 N.W.2d 891, 893 (Iowa 1990).

To establish a prima facie case of discrimination, Reiss was required to show that she is a member of a protected class, that she met applicable job qualifications, that her employment was terminated and that the position sought was filled by a white male or remained open while the employer continued to seek applicants with similar qualifications. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677. The district court concluded Reiss failed to meet this burden, finding that because this case involves a reduction in work force, she

was required to make some discrimination showing beyond that required for a prima facie case under *McDonnell Douglas.* *See Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161 (8th Cir.1985) (holding that in age discrimination cases an additional showing of discrimination is required for a prima facie case because of statistical likelihood a younger employee will be hired to replace plaintiff). This additional showing, however, is not necessarily required in cases alleging sex discrimination. *Holley,* 771 F.2d at 1166 (quoting *Laugesen v. Anaconda Co.,* 510 F.2d 307, 313 n. 4 (6th Cir.1975)). We find that absent this additional requirement, Reiss sustained her initial burden by showing white males were retained as DSM's when she was terminated as a result of the reorganization. The trial court erred in concluding otherwise.

■ Despite our disagreement with the trial court on this issue, we are required to affirm its decision if we find substantial evidence in the record supports the ultimate conclusion Reiss was not terminated as the result of gender discrimination. *See Landals,* 454 N.W.2d at 893. The trial court determined Reiss was terminated as the result of ICI's reorganization and reduction in force. At trial, ICI's product manager, Steve Mohr, testified that as a part of company-wide reorganization he was forced to reduce the sales staff in his region from thirteen DSM's to nine. He further testified that four individuals, including Reiss, were terminated in the course of this reorganization. The fact that ICI was undergoing reorganization in Reiss's district was corroborated by the testimony of two other ICI employees and by Reiss herself. This testimony provides substantial evidentiary support for the district court's finding that Reiss's termination was part of a company-wide reorganization.

The trial court also concluded Reiss failed to show the decision to terminate her employment was gender based. Although the trial court made no express finding in this regard, this determination is implicit in the court's ruling and is supported by substantial evidence.

■ At trial, Mohr testified that although his decision to terminate Reiss was based on subjective rather than objective criteria, the fact Reiss was a woman played no role in his decision. He further testified that he considered Reiss's ability to work with others and the quality of his own rapport with her based on his need to work closely with all of the DSM's. Ultimately, Mohr stated that he attempted to retain the DSM's he thought he could work with and who he believed would do the best job for the company. While these factors may not provide an objective reason for Mohr's decision to terminate Reiss, they provide sufficient evidence to support the trial court's ultimate finding on this issue. As a result, we reject Reiss's argument that subjective factors, standing alone, are insufficient to rebut a prima facie showing of discrimination. We hold instead that subjective considerations, absent contrary evidence of discrimination, provide sufficient evidence for a fact finder to conclude an adverse employment decision was not influenced by a discriminatory motive. We affirm on this issue.

■ Finally, we consider Reiss's claim that the trial court erred in striking her jury trial demand. She urges us to re-examine our supreme court's earlier determination that a jury trial is not available in employment discrimination claims raised under the Iowa Civil Rights Act. *See Smith v. ADM Feed Corp.,* 456 N.W.2d 378 (Iowa 1990). Reiss does not claim this case is distinguishable from *Smith* nor does she claim any contrary Iowa authority requires a different result. Instead, she claims that post-*Smith* amendments to federal civil rights legislation, state and federal constitutional considerations, and authority from other jurisdictions require reconsideration of the rule announced in *Smith.* In the absence of any contradictory court authority or legislative directive, we decline to depart from the supreme court's holding in *Smith.* We accordingly affirm the district court's determination that Reiss was not entitled to a jury trial on her employment discrimination claim.

In summary, we find substantial evidence supports the district court's determination Reiss's employment was not terminated in retaliation for a prior sexual harassment complaint. We further find that while the

district court erred in dismissing Reiss's sex discrimination claim on procedural grounds, substantial evidence supports the district court's conclusion Reiss was not terminated on the basis of her gender. Finally, we conclude the district court did not err in striking Reiss's jury trial demand. We affirm.

**AFFIRMED.**