# IN THE COURT OF APPEALS OF IOWA

No. 13-1445
Filed May 14, 2014

**CITIZENS FINANCE CO.,**
    Plaintiff-Appellant,

**vs.**

**TRAVIS L. BICKFORD,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Jackson County, Thomas G. Reidel, Judge.

Citizens Finance Company appeals the district court's dismissal of its petition against Travis Bickford. **AFFIRMED.**

Nathan D. Runde of Clemens, Walters, Conlon & Meyer, L.L.P., Dubuque, for appellant.

Steven J. Kahler of Schoenthaler, Bartelt, Kahler & Reicks, Maquoketa, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Citizens Finance Company appeals the district court's dismissal of its petition for suit on a note, claiming the court improperly found Citizens Finance failed to comply with the mandatory notice requirements of Iowa Code sections 554.9611–13 (2011) when serving Travis Bickford. We agree with the district court that Citizens Finance did not prove it acted in a commercially reasonable manner when allegedly providing notice to Travis, and therefore the court properly dismissed Citizens Finance's petition. Consequently, we affirm.

Travis and Jessica Bickford purchased a Chevy Trailblazer in June 2009. The couple subsequently divorced. Jessica was awarded the Trailblazer and was responsible for the payments on the vehicle. On July 25, 2011, Jessica and Travis together refinanced the vehicle with Citizens Finance.[1] However, Jessica failed to make payments, triggering a notice of right to cure default, allegedly mailed on January 10, 2012, in accordance with the promissory note's terms. Although both Jessica and Travis's names appear on the notice, no addresses appear. The Trailblazer was repossessed on May 5, 2012, by an independent company, and Citizens Finance claimed to have mailed a notice regarding its intent to sell the car. Two "Notice[s] of our Plan to Sell Property" appear in the record. Both show Jessica and Travis as "Debtor;" one has Jessica's address; one has Travis's address.

---

[1] We note the marital status section of the credit application shows the "applicant" (Jessica) and "other party" (Travis) as "married;" however, it also lists them with separate addresses. Travis testified he did not believe he would be responsible on the loan because "I was going by my divorce decree that she was liable for it."

The car was sold at auction on June 28 for less than the amount owed on the note. Citizens Finance claimed it mailed a statement of final accounting to both Jessica and Travis, summarizing the outstanding loan balance and various fees. Citizens Finance also claimed it mailed a final notice of the right to cure the default to both Jessica and Travis on July 20, 2012. No payments on the outstanding balance were made.

Citizens Finance filed suit against Travis and Jessica for the deficiency on the note on September 19, 2012. It requested the court order both parties to pay the outstanding loan balance and accrued interest, totaling $9954.90. A default judgment was entered against Jessica on December 11, 2012. A trial was held on August 5, 2013, regarding Travis's obligation to Citizens Finance. At trial, Travis testified he did not remember if he *received* any of the notices. The district court entered an order dismissing Citizens Finance's petition on August 6, finding that it had failed to comply with the notice requirements of Iowa Code sections 554.9611–13. Citizens Finance appeals.

We review the district court's decision following an action tried at law for correction of errors at law. *Sille v. Shaffer*, 297 N.W.2d 379, 381 (Iowa 1980). The district court's findings of fact are binding if supported by substantial evidence. *Reiss v. ICI Seeds, Inc.*, 548 N.W.2d 170, 173 (Iowa Ct. App. 1996). Substantial evidence is such quantity and quality of evidence that a reasonable person could accept as adequate to reach the same findings. *Id.* We will not reweigh the evidence or second-guess the trial court's explicit or implicit findings regarding the credibility of witnesses. *Id.*

Iowa Code section 554.9611(2) states "a secured party that disposes of collateral . . . shall send to the persons specified in subsection 3 a reasonable authenticated notification of disposition." Thus, "commercial reasonableness and notification [is] mandatory for the secured creditor." *Hartford-Carlisle Sav. Bank v. Shivers*, 566 N.W.2d 877, 880 (Iowa 1997). When the creditor fails to send notice in a commercially reasonable manner, it cannot succeed on its petition to collect the remaining debt. *See Beneficial Finance Co. of Black Hawk Cty. v. Reed*, 212 N.W.2d 454, 457–60 (Iowa 1973) (holding notice that did not comply with statutory requirements was not commercially reasonable and therefore creditor was not entitled to recover any deficiency from debtor, and further noting that "lack of notice itself suggests [the creditor] did not act in a commercially reasonable manner").

In its order, the district court stated:

> Neither Sherry Kaiser [loan officer] nor Curtiss Pint [loan officer] were able to verify that the Notice of Our Plan to Sell Property or Notice of Redemption were actually mailed. The plaintiff elected not to call Destiny Ortmann, who Curtiss Pint testified would have had the responsibility of mailing the notice. Ms. Kaiser and Mr. Pint merely speculate the notices were mailed. Travis testified he did not receive these notices.[2] The Court finds Travis to be credible. Travis was forthright with his answers and his body language and demeanor did not indicate any falsehoods in his testimony. Travis acknowledged, concerning prior Notices of Right to Cure, that he simply could not remember whether he did or did not receive them, but in regard to the Notice of Our Plan to Sell Property and Notice of Redemption, he specifically testified he did not receive the same. Travis was also very forthcoming in regard to the numerous phone calls he received from Curtiss Pint concerning Jessica's failure to

---

[2] This finding and a subsequent finding in this paragraph are not accurate. Travis testified he did not *remember* seeing or receiving the various notices. This erroneous finding of fact by the district court does not affect our holding, though, because actual receipt of notice is not required for a finding of commercial reasonableness. *See Beneficial Finance Co.*, 212 N.W.2d at 458.

make payments. It is also relevant that the Notice of Our Plan to Sell Property and Notice of Redemption are the only two documents that Destiny Ortmann was tasked with the responsibility of mailing out. The other documents were mailed personally by either Curtiss Pint or Sherry Kaiser. Based on these factors, the Court determines that Citizens has failed to satisfy its burden of proof that proper notifications were made.

Citizens Finance contests this disposition, claiming it met its burden showing the notices had been mailed to Travis due to their routine practice of not scanning a document to their file unless it had been mailed to the proper parties. In asserting it has carried its burden of proving proper notification, Citizens Finance analogizes this situation to the business records exception to the hearsay rule. *See generally State v. Reynolds*, 746 N.W.2d 837, 841 (Iowa 2008) (noting the business records exception to the hearsay rule states evidence may be admitted if it is a business record made at or near the time of the act, made by a person with knowledge of the activity, and it was made and kept in the regular course of business activity).

However, the district court made a specific finding of credibility with regard to Travis's testimony that he did not remember if he received the notices, and further noted Citizens Finance did not call as a witness the person responsible for actually mailing the notices. With only the assumption the notices had been mailed, the court concluded Citizens Finance had failed to meet its burden of proof. As the court in *Beneficial Finance* noted, "the record provided this court is devoid of evidence that any notification whatever was in fact properly mailed to [the debtor]." 212 N.W.2d at 458. Though lack of actual receipt of the notice is not a prerequisite for a finding of a lack of commercial reasonableness, *see id.*, we agree with the district court Citizens Finance did not meet its burden showing

it acted in a commercially reasonable manner in sending the requisite notices to Travis. The court's findings of fact are supported by substantial evidence. Consequently, we affirm the dismissal of Citizen Finance's petition.

**AFFIRMED.**